(107 N. W. 970).

---

### H. A. LIBBY v. THOMAS BARRY.

Opinion filed May 16, 1906.

**New Trial — Insufficiency of the Evidence — Verdict.**

1. This court will not reverse an order denying a motion for new trial for the alleged insufficiency of the evidence to justify the verdict, when the verdict is supported by evidence of a substantial nature.

**An Oral Contract Not Superseded by Unexecuted Written One.**

2. An oral agreement is not superseded by a mere proposed written agreement covering the same subject-matter, which is to take effect only upon the approval of all the parties thereto, and the latter is not signed, approved or acted upon by one of the parties.

**New Impeaching Evidence Insufficient Ground for New Trial.**

3. Newly discovered evidence which is not material to the issues, but is merely impeaching, is not, as a general rule, a sufficient ground for granting a new trial.

Appeal from District Court, Cavalier county; *Kneeshaw, J.*

Action by H. A. Libby against Thomas Barry. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Gordon & Wheeler,* for appellant.

*H. A. Libby,* for respondent.

YOUNG, J. The plaintiff, an attorney at law, residing at Park River, in Walsh county, brought this action to recover a balance of $214.75, for legal services alleged to have been rendered in 1904, in defending the defendant's brother against a charge of murder, and for certain expenses connected therewith. His complaint sets forth three causes of action: (1) A claim of $55 for services rendered preliminary to the trial, and between April 20 and April 30, 1904; (2) a claim of $9.75 for moneys expended; and (3) a claim of $150 for an unpaid balance upon an alleged oral contract for a $700 fee, for his services at the trial, upon which $550 has been paid. The answer is a general denial of the allegations of the complaint, except that it admits the payment of the $550. The case was tried to a jury, and a verdict was returned for the amount demanded in the complaint. The defendant moved for a new trial, among other grounds, upon the ground (1) that the evidence is insufficient to justify the verdict, and (2) newly discovered evidence. The motion was denied, and judgment was entered upon the verdict. This appeal is from the judgment.

The grounds of the motion for a new trial which are urged for reversal in this court are those above stated. We are of opinion that neither of them can be sustained. As to the first and second causes of action, it is not disputed that the services were rendered, and that the moneys were paid out as alleged. The question in controversy was as to whether this was at the defendant's re-

quest. The plaintiff testified that it was, and the defendant that it was not. It was for the jury to determine what the fact was and its finding is conclusive upon that issue.

The finding of the jury must also be held to be conclusive upon the third cause of action, upon which the plaintiff was awarded $150 for the unpaid balance for services rendered at the trial. That the plaintiff rendered the services and did so pursuant to an agreement with the defendant is not disputed. The question, and it is a pure question of fact, is whether they were rendered under the oral contract for $700, as plaintiff alleges, or were rendered under a certain written contract as defendant claims, and to which we will hereafter refer. The record shows that the term of court for Walsh county, at which the trial was to occur was called for May 15, 1904. In the latter part of April, the defendant, who lived near Osnabrock in Cavalier county, went to Park River to engage the plaintiff as local counsel, and with the purpose at all times of securing an outside attorney to assist him. The plaintiff testified positively that a definite agreement was made for his services at the trial, and at an agreed compensation of $700, and that at or about this time the defendant paid him $500 in the form of a draft. After discussing the question of additional counsel, it was deemed advisable to secure either Tracy R. Bangs, of Grand Forks or W. E. Purcell, of Wahpeton, both of them having been connected with the case at a former trial. The defendant had already consulted Mr. Bangs with a view to securing his services and had been informed by him that he would assist at the trial for $1,000, with the understanding that local counsel would be furnished by the defendant. It was decided to try to secure the services of Mr. Bangs. The plaintiff stated, so the defendant testified, that he thought he could do better and could get Mr. Bangs' services for $700 or $800. Assuming that Mr. Bangs would accept that sum, and without authority from him, on April 25, 1904, a written instrument was drawn, in form a contract, between the defendant as party of the first part, and the plaintiff and Tracy R. Bangs as parties of the second part, wherein the second parties agreed to defend the case for $1,500 and expenses. The instrument was signed by the defendant and also by the plaintiff, who also signed the name of Tracy R. Bangs, "by H. A. Libby." Plaintiff at once informed Mr. Bangs what he had done, and the latter refused unequivocally to approve the contract, and stated that if he went into

the case it would only be under a separate contract with the defendant. After the defendant was informed of Mr. Bangs' refusal, he had a conference with the plaintiff, as a result of which, the plaintiff went to Wahpeton to secure the services of Mr. Purcell. The latter declined to enter the case. Defendant then went to Grand Forks and engaged Mr. Bangs.

The above statement of facts is sufficient to disclose defendant's contention as to the third cause of action, which is, that the written instrument above referred to, superseded the oral agreement and measures his liability. There is no merit in this contention. It would be true if the contract had in fact been assented to by Mr. Bangs, and the services rendered under it. But that is not the fact, and upon the record before us, a finding by the jury to that effect could not be sustained, for it is undisputed that Mr. Bangs positively refused to approve the proposed contract. He did not authorize it, and he did not ratify it. It requires no citation of authority to sustain the proposition that an oral agreement is not superseded by a mere proposed written agreement, covering the same subject-matter, which is not to become effective until approved by all the parties thereto, the latter not having been signed, approved or acted upon by one of the parties to the proposed contract. The defendant's claim that the services were rendered under the alleged written contract, being thus wholly without support, the only question was whether the plaintiff had an oral contract for $700. There is ample evidence in the record to sustain the finding of the jury upon this question, and it cannot be disturbed.

It is also clear that no error was committed in refusing to grant a new trial upon the ground of newly discovered evidence. The plaintiff in testifying to a conversation on May 11th with defendant, stated in substance that if he was not satified with the fee of $700, which had been agreed upon, he would return the draft which he had received on or about April 25th, and retire from the case. "I still have the draft which you gave me April 25th, in my pocket uncashed, and will not use it unless satisfactory to you. * * * I cashed the draft Mr. Barry gave me on April 25th, on the 11th day of May." It was shown by defendant's affidavits upon the motion for new trial, that the draft was in fact cashed April 26th, and that is not now disputed. Counter affidavits were filed by plaintiff for the purpose of explaining this discrepancy in his tes-

timony, but we have no occasion to go into them. It is essential among other things that newly discovered evidence, to be sufficient ground for a new trial, must be material. Subdivision 4, section 5472, Rev. Codes 1899.

Counsel for defendant contend that the only issue upon which the testimony relative to the offer to return the draft, was material, was upon the question as to whether the written instrument was repudiated or rescinded. It will appear from what we have already said that there is no question of rescission in the case. Rescission applies only to contracts and does not apply to mere proposals. There was no written contract to rescind, for Mr. Bangs, one of the parties to it, never assented to it.

The question as to whether the plaintiff offered to return the draft on the date named, or on any other date, had no bearing upon any issue in the case. The newly discovered evidence is purely impeaching and the general rule is that such evidence does not furnish a good ground for granting a new trial. Heyrock v. McKenzie, 8 N. D. 601, 80 N. W. 762; Stoakes v. Monroe, 36 Cal. 388; Hayne, New Trial & App. section 88; 14 Abbott's Enc. Dig. N. Y. 370, and cases cited, note 90; also 14 Enc. Pl. & Pr. 791; 1 Spelling, New Trial, section 220, and cases cited. The facts of this case do not take it out of the general rule.

We therefore conclude that the trial court did not err in overruling the motion for a new trial, and the order and judgment will be affirmed. All concur.