## WALTON v. MATTSON et al.

### (135 N. W. 176.)

**Appeal — reversible error.**

1. Where the trial court, on motion made, could have directed a verdict for the amount of the jury's verdict as returned, omitting all matters to which error can be assigned, defendants have nothing upon which to predicate error on appeal.

**Conversion — appeal from judgment on verdict — affirmance.**

2. Defendants converted $1,720 worth of crop belonging to plaintiff, and, after allowing them in full for all claims thereon, the verdict is for less than the balance remaining, and, the record being free from prejudicial error, the judgment is affirmed.

Opinion filed January 23, 1912. Rehearing denied March 5, 1912.

Appeal from the District Court of Eddy county; *E. T. Burke,* J.

Action by Joseph Walton against M. Mattson, Jr., and another, copartners as Mattson & Ofstedahl. From a judgment for plaintiff, defendants appeal.

Affirmed.

*Maddux & Rinker,* for appellants.

*J. A. Manly* and *John Knauf,* for respondent.

Goss, J. This is an appeal from a judgment entered on verdict in an action for conversion of grain. Plaintiff Walton was the owner of a farm leased to one Warner for a series of five years, by written lease in usual form, providing that the title to all grain grown thereunder each year should remain in the plaintiff until after final division to be made in accordance with the terms of the lease. This action concerns the crop for the year 1908. On leasing the land in 1906, Walton sold horses to Warner, taking a chattel mortgage thereon to secure the selling price, $1,140. About half of this indebtedness remained due and unpaid. As additional security to the mortgage, a provision was made in the lease, further securing its payment out of the crop to be grown thereunder.

No division of grain was had in 1908, the tenant selling all of it to the defendants. This crop consisted of 1,307 bushels of wheat and 202 bushels of barley, the highest market value of which between the time of the conversion thereof and the verdict was established at $1,720. Defendants purchased this grain with full knowledge of plaintiff's rights therein. They attempt to defend by setting up their ownership of four liens; viz., a thresher's lien for $195, a seed lien for $297, a woman's labor lien for $120 earned during her employment at house work as a domestic, and a farm laborer's lien for $78, making a total lien claim of $690, by virtue of which special property interest they defend in part against plaintiff's recovery. Also, it is admitted that $254 of the proceeds of this grain was rightfully paid by them to other parties, making it thus possible for appellants to account to the extent of $944 for $1,720 worth of grain received and retained by them, conceding the validity of these liens. The debt owing by Warner to plaintiff, including plaintiff's share of the crop so confiscated, was determined by the jury in their verdict, at $776, exactly the difference between $1,720, the value of the grain, and $944, the highest possible claim of interest defendants could make thereto. It is apparent, therefore, that inasmuch as the jury have allowed defendants for every dollar to which they could lay claim, they are in no position, under the undisputed evidence, to say that the verdict was excessive; and under Lowe v. Abrahamson, 18 N. D. 182, 19 L.R.A.(N.S.) 1039, 119 N. W. 241, 20 Ann. Cas. 355, the labor lien claim for the woman's employment, to the amount of $120, must be held invalid. To this extent, at

least, appellants are escaping the payment of a claim for which they might otherwise have been liable to plaintiff, had not the jury, by its verdict foreclosed plaintiff therefrom by refusing to allow him the full amount that may have been due him.

We have carefully examined the record and all assignments made, and find no error resulting to the prejudice of the defendants. In fact, the motion of the plaintiff, made at the close of the trial, for a directed verdict under the uncontroverted evidence, could have been granted to an amount much in excess of the verdict returned by the jury. The trial court, however, left to a verdict the amount of plaintiff's recovery. Defendants ought to have been very well satisfied therewith.

The judgment appealed from is ordered affirmed, with costs.

BURKE, J., being disqualified, did not participate.