# MARGARET GARRAGHTY v. BERT HARTSTEIN.

## (143 N. W. 390.)

**Action — negligence — defendant's servants — jury — error.**

1. Plaintiff was injured by a picket pin which was attached to one end of a rope used to picket a horse on certain vacant lots immediately east of her home. The end of the rope fastened to the picket pin was wound three times around a fence post, the other end being fastened to the halter' of the horse. Between such post and the horse there was a public road or trail, and the injury happened while defendant's servants were driving his horse and vehicle along the side of such trail. The horse drawing such vehicle, being driven on a fast trot, came in contact with the picket rope, causing the same to unwind from the post, throwing the pin violently against plaintiff's arm. Evidence examined, and *held*, as a matter of law, that the question of the negligence of defendant's servants was erroneously submitted to the jury.

**Jury — province — negligence — inference — court — duty — evidence.**

2. Usually it is the province of the jury, under proper instructions, to say, from the facts and circumstances disclosed, whether due care was or was not exercised, or, in other words, whether negligence *ought* to be inferred; but it is always not only the province but the duty of the court, first, to determine, as a matter of law, whether, upon the facts most favorable to the plaintiff, negligence *can* properly be inferred. The jury cannot be permitted to arbitrarily, and without evidence, infer negligence. The evidence must affirmatively establish some circumstances from which the inference fairly arises that the injury resulted from the want of some precaution which the defendant ought to have taken.

**Ordinary care — injury — acts — proximate cause.**

3. If a person has no reasonable ground to anticipate that a particular act would or might result in injury to anybody, such act is not negligent. On the contrary, if the act is one which the party ought, in the exercise of ordinary care, to have anticipated was liable to result in injury to others, then he is liable for any injury approximately resulting from it, although he could not have anticipated the particular injury which did happen.

Opinion filed September 17, 1913. On petition for rehearing October 14, 1913.

Appeal from District Court, Cass County, *Charles A. Pollock,* J.

From a judgment in plaintiff's favor and from an order denying defendant's motion for judgment *non obstante,* or for a new trial, defendant appeals.

Reversed, with directions to dismiss the action.

*Pollock & Pollock,* for appellant.

It does not appear that the servants of the defendant were acting within the scope of their employment as such, at the time of the injury to plaintiff. They were acting as independent contractors, upon special work in their own interests. Thorpe v. Minor, 109 N. C. 152, 13 S. E. 702; Dells v. Stollenwerk, 78 Wis. 339, 47 N. W. 431; Curtiss v. Dinneen, 4 Dak. 245, 30 N. W. 148; Brenner v. Ford, 116 La. 550, 40 So. 894; Fiske v. Enders, 73 Conn. 338, 47 Atl. 681; Fish v. Coolidge, 47 App. Div. 159, 62 N. Y. Supp. 238; McCarthy v. Timmins, 178 Mass. 379, 86 Am. St. Rep. 490, 59 N. E. 1038; Long v. Richmond, 68 App. Div. 466, 73 N. Y. Supp. 912, affirmed in 175 N. Y. 495, 67 N. E. 1084; Goodman v. Kennell, 3 Car. & P. 168, 1 Moore & P. 241, 6 L. J. C. P. 61; Reaume v. Newcomb, 124 Mich. 137, 82 N. W. 806; Perlstein v. American Exp. Co. 177 Mass. 530, 52 L.R.A. 959, 59 N. E. 194; Stone v. Hills, 45 Conn. 44, 29 Am. Rep. 635; Note to Jordan v. Reynolds, 9 L.R.A.(N.S.) 1034; Note to Ritchie v. Waller, 27 L.R.A. 169; Civil Code, §§ 5788, 5789.

The injury of which plaintiff complains was the direct result of her own negligence. Broadstreet v. Hall, 10 L.R.A.(N.S.) 933 and note, 168 Ind. 192, 120 Am. St. Rep. 356, 80 N. E. 145; Hoverson v. Noker, 60 Wis. 511, 50 Am. Rep. 381, 19 N. W. 382; Johnson v. Glidden, (74 Am. St. Rep. 795 and note), 11 S. D. 237, 76 N. W. 933, 5 Am. Neg. Rep. 97; cf. Evers v. Krouse, 70 N. J. L. 653, 66 L.R.A. 592, 58 Atl. 181, 16 Am. Neg. Rep. 515; 29 Cyc. 1665; Teagarden v. McLaughlin, 86 Ind. 476, 44 Am. Rep. 332; Dunks v. Grey, 5 Bann. & Ard. 634, 3 Fed. 862; Andrus v. Howard, 36 Vt. 248, 84 Am. Dec. 680.

*M. A. Hildreth,* for respondent.

As a general rule the question of negligence is for the jury, and when it appears that there is a lack of ordinary care, then it becomes a question of fact for the jury to pass upon, and it is no answer to this proposition, that the injury was unusual. Doyle v. Chicago, St. P. & K. C. R. Co. 77 Iowa, 607, 4 L.R.A. 420, 42 N. W. 555; Hunt v. St. Paul City R. Co. 89 Minn. 448, 95 N. W. 312, 14 Am. Neg. Rep. 363.

The failure of defendant's servants, at the time of the accident, to exercise ordinary care, was the proximate cause of plaintiff's injury. Such servants were acting within the scope of their employment. Bar-

tons Hill Coal Co. v. Reid, 3 Macq. H. L. Cas. 266, 4 Jur. N. S. 767, 6 Week. Rep. 664, 19 Eng. Rul. Cas. 107; Pollock, Torts, 7th ed. 458, 459; Cooley, Torts, 2d ed. 812; Seybold v. Eisle, 154 Iowa, 128, 134 N. W. 579; Mechanics' Bank v. Bank of Columbia, 5 Wheat. 326, 5 L. ed. 100; Wood, Mast. & S. 539; Smith v. Webster, 23 Mich. 298; Ramsden v. Boston & A. R. Co. 104 Mass. 117, 6 Am. Rep. 200, 8 Am. Neg. Cas. 372; Pollock, Torts, 7th ed. 82–84; Mullvehill v. Bates, 31 Minn. 364, 47 Am. Rep. 796, 17 N. W. 959; Rudd v. Fox, 112 Minn. 477, 128 N. W. 675; Ritchie v. Waller, 63 Conn. 155, 27 L.R.A. 161, 38 Am. St. Rep. 361, 28 Atl. 29; Collins v. Butler, 179 N. Y. 156, 71 N. E. 746, 17 Am. Neg. Rep. 106; Spaulding v. Chicago & N. W. R. Co. 33 Wis. 582; Pittsburgh, C. & St. L. R. Co. v. Kirk, 102 Ind. 399, 52 Am. Rep. 675, 1 N. E. 849; Phelon v. Stiles, 43 Conn. 426; Evans v. Davidson, 53 Md. 245, 36 Am. Rep. 400; Simons v. Monier, 29 Barb. 419; McDonald v. Snelling, 14 Allen, 290, 92 Am. Dec. 768; O'Neill v. Blase, 94 Mo. App. 648, 68 S. W. 764.

The plaintiff was not guilty of any affirmative act which was the proximate cause of her injury. Herbert v. Northern P. R. Co. 3 Dak. 38, 13 N. W. 349; Mares v. Northern P. R. Co. 3 Dak. 336, 21 N. W. 5; Elliott v. Chicago, M. & St. P. R. Co. 5 Dak. 523, 3 L.R.A. 363, 41 N. W. 758; Kunkel v. Minneapolis, St. P. & S. Ste. M. R. Co. 18 N. D. 367, 121 N. W. 830; Heckman v. Evenson, 7 N. D. 173, 73 N. W. 427; Cameron v. Great Northern R. Co. 8 N. D. 124, 77 N. W. 1016, 5 Am. Neg. Rep. 454; Owen v. Cook, 9 N. D. 134, 47 L.R.A. 646, 81 N. W. 285; McTavish v. Great Northern R. Co. 8 N. D. 333, 79 N. W. 443; Carr v. Minneapolis, St. P. & S. Ste. M. R. Co. 16 N. D. 217, 112 N. W. 972; McBride v. Wallace, 17 N. D. 495, 117 N. W. 857; Williams v. Northern P. R. Co. 3 Dak. 168, 14 N. W. 97; Thomp. Neg. § 365; Hall v. Northern P. R. Co. 16 N. D. 60, 111 N. W. 609, 14 Ann. Cas. 960; Johnson v. Fargo, 15 N. D. 525, 108 N. W. 243, 20 Am. Neg. Rep. 460; McKeever v. Homestake Min. Co. 10 S. D. 599, 74 N. W. 1053.

Yuster and Olson were defendant's servants, acting within the scope of their employment, at the time of the injury to plaintiff. Rev. Codes 1905, § 5571; Wood, Mast. & S. § 1, p. 2; 26 Cyc. pp. 699, 1546 and notes.

They were not independent contractors or draymen. Waters v.

Pioneer Fuel Co. 52 Minn. 474, 38 Am. St. Rep. 564, 55 N. W. 52; Sadler v. Henlock, 4 El. & Bl. 570, 24 L. J. Q. B. N. S. 138, 1 Jur. N. S. 677, 3 Week. Rep. 181, 3 C. L. R. 760; Turner v. Great Eastern R. Co. 33 L. T. N. S. 431; Texas & P. R. Co. v. Juneman, 18 C. C. A. 394, 30 U. S. App. 541, 71 Fed. 936; Singer Mfg. Co. v. Rahn, 132 U. S. 518, 33 L. ed. 440, 10 Sup. Ct. Rep. 175; Stone v. Codman, 15 Pick. 297; Lewis v. Detroit Vitrified Brick Co. 164 Mich. 489, 129 N. W. 726; Larsen v. Home Teleph. Co. 164 Mich. 295, 129 N. W. 894; Barg v. Bousfield, 65 Minn. 355, 68 N. W. 45, 16 Am. Neg. Cas. 188; Brackett v. Lubke, 4 Allen, 138, 81 Am. Dec. 694.

Fisk, J. Action to recover for personal injuries sustained by plaintiff, which, it is alleged, were caused by the negligence of defendant's servants. Plaintiff had judgment in the court below, and from such judgment, and also from an order denying defendant's motion for judgment *non obstante,* or, in the alternative, for a new trial, he has appealed to this court.

The facts necessary to an understanding of the questions involved are briefly the following:

At the time of the accident, plaintiff resided in the city of Fargo with her husband and children, their house facing north on 4th avenue. Just east of their residence there were several vacant lots, over which the public had, by long user, established a well-beaten road or trail for vehicles, which road or trail commenced near the northeast corner of the lot occupied by the residence of plaintiff and her husband, and ran thence south and in a southeasterly direction across such vacant lots. It does not appear who owned these lots, and presumably such travel across them was with the implied license or consent of such owner. It had been the custom of plaintiff's daughter Nellie to feed the family horse on these lots, tethering it by a rope, which she fastened to a fence post on the southeasterly line of the family lot, about 50 feet from the north line of such lot. Just prior to the plaintiff's injury, and about 7 o'clock in the evening, Nellie performed this usual act by using a rope about 45 feet in length, one end of which was fastened to the halter and the other end, to which was fastened a picket pin, was wrapped three times around such fence post about 1 foot from the top, leaving the picket pin suspended a short distance toward the ground. This post

was about 4 feet in height. The evidence discloses that the horse was left about 30 feet east of this fence post, being some distance east of such trail, the rope extending across the trail. The distance from this post to the trail was, according to the testimony, from about 10 to 15 feet. The proof discloses that the immediate cause of the injury was the driving of defendant's horse against this rope, causing the rope to suddenly unwind from the post with such rapidity and force as to violently throw the picket pin against the plaintiff, who, at the time, was wheeling a baby carriage a few feet west of such post, striking her right arm and causing a compound fracture of the radius. Defendant's horse was being driven at the time by one Yuster, who was accompanied by one Olson, both of whom were in the general employment of defendant. They had a short time previous to the accident passed over the trail *en route* to the dumping ground, where they took a load of dirt for defendant, and the accident happened on their return trip. Both Olson and Yuster swear that they were driving along such trail slowly at the time, and did not see the rope, while plaintiff's witnesses swear that they drove west of the beaten trail and within about 5 feet of this post, and were driving on a fast pace or trot. The speed with which they were driving is, of course, a matter of mere opinion, and the testimony on this point is not at all clear or satisfactory. It is the contention of defendant:

First, that plaintiff failed to prove that Yuster and Olson were acting within the scope of their employment as defendant's servants at the time of the injury to plaintiff.

Second, that plaintiff was guilty of the negligence which caused her injury, by knowingly permitting her daughter to picket their horse at the place and in the manner above stated, and that there is no negligence shown on the part of this defendant.

We shall assume, for the purposes of this case, that under the evidence the trial court properly submitted to the jury the question as to whether Yuster and Olson, at the time of the accident, were engaged within the scope of their employment as defendant's servants? In other words, we shall treat the case the same as though defendant was personally driving his horse at the time and place in question. We shall also consider the evidence bearing upon the alleged act of negligence in its most favorable light for plaintiff, with a view of determin-

ing whether the learned trial court was justified under the law in submitting to the jury the question of defendant's negligence, or that of his said servants as alleged in the complaint. The particular act of negligence charged is alleged in the complaint as follows:

"That on the 8th day of June, A. D., 1911, while her husband's horse was tied to a fence post with a rope, with one end attached to an iron bar or picket, as it is commonly called, and was thus secured and in the immediate vicinity of plaintiff's home, and while plaintiff was on or about the premises occupied by the plaintiff and her husband and children, engaged in wheeling a baby carriage with an infant child therein, the said defendant's servant and driver of defendant's horse and wagon drove into the vicinity of where said horse was tied in the manner heretofore set forth, in a careless and negligent manner, and that said defendant's servant was then and there engaged in and about the master's business, and that without due care ran into the rope which was attached to said horse and to said post, on one end of which there was attached the iron picket, as aforesaid, and by reason of such carelessness and negligence in driving in and about the said premises where the said plaintiff and her said child were, notwithstanding it was the duty of the defendant's servant while so engaged in and about the master's business to drive carefully so as not to injure the said plaintiff or her said child, or to collide with said horse then and there hitched as aforesaid, did, on the said 8th day of June, A. D., 1911, carelessly and negligently drive his horse into the rope attached to said horse as aforesaid, and with great force and violence jerking said rope so attached to said pole, which was at the time and then and there holding said horse, which was greatly frightened at the time, and throwing the iron bar or picket attached to said rope off from said post with great force and violence, striking the said plaintiff on her right forearm, breaking the same, and greatly injuring the said plaintiff in and about her said right forearm, crippling and injuring its usefulness."

How stands the proof in support of such alleged negligence? Before referring to the evidence adduced by plaintiff at the trial, it is proper to state that it is nowhere contended that defendant's servants were guilty of any intentional or wilful wrong, but it is merely contended that they failed to use such care as a reasonably prudent person

would be expected to use under like circumstances. The various witnesses for plaintiff, in describing the speed with which defendant's horse was being driven at the time it came in contact with this rope, used the following language respectively:

The witness Mrs. Ellen Swanson: "Well, he came on a trot, a pretty good trot. He drove about 5 feet from where the rope was tied to the post. There was a beaten track farther away from that. About 5 or 10 feet farther away from that."

### On Cross-Examination.

"It is a fact that the horse was simply trotting along at an ordinary pace and it got mixed up with that rope."

The witness John Briggs: "They were going fast,—fast trot. They came about 5 feet from the post where this iron bar was over there. The horse's feet got caught in this here rope that slanted down like this, you see, and the force of how fast the horse was coming threw that rope this way, you see, made couple or three jumps, going pretty fast, it came right around and hit Mrs. Garraghty on the arm right here. . . . That was a pretty well-traveled road, people traveling past there continually. . . . The beaten trail upon which people drove along there was not away from the fence more than 10 or 12 feet I say. These men were not driving in the beaten trail. They were within the sod place; were in the grass about 5 feet from the post. . . . They were coming around the corner very rapidly. The road at that point where it comes around the corner is not so very close. I don't know how close it was to the post. A person driving around that corner would follow the beaten track. I have been there. I couldn't say how far it would be from there. Well, I would say about 5 feet."

The witness Albert Garraghty: "They drove about 5 feet from the post. It wasn't the beaten path. The beaten path from the post was 12 or 15 feet. They were going at a fast trot."

The witness Nellie Garraghty testified that she saw the defendant's rig as it came around the corner and go south, and says that "they were going south; going at a pretty fast trot. They came about 5 feet from the post."

The foregoing comprises practically all of the plaintiff's testimony

relative to the alleged acts of negligence complained of. Was it error, under such showing, to submit to the jury the question as to the negligence of defendant's servants? Usually it is the province of the jury, under proper instructions, to say from the facts and circumstances disclosed, whether due care was or was not exercised, or, in other words, whether negligence *ought* to be inferred; but it is always not only the province but the duty of the court, first to determine as a matter of law whether, upon the facts most favorable to the plaintiff, negligence *can* properly be inferred. The jury cannot be permitted to arbitrarily and without evidence infer negligence. As very clearly and accurately expressed by the supreme court of Indiana, " 'When the evidence fails to establish the defendant's duty, and its nonperformance,—that is, when the evidence is equally consistent with the existence or nonexistence of negligence,'—there is no evidence which justifies the jury in finding negligence. . . . The evidence must affirmatively establish circumstances from which the inference fairly arises that the accident resulted from the want of some precaution which the defendant ought to have taken." Wabash, St. L. & P. R. Co. v. Locke, 112 Ind. 404, 2 Am. St. Rep. 193, 14 N. E. 391, and cases cited.

The court in the above case quotes approvingly the following language of the Lord Chancellor in Metropolitan R. Co. v. Jackson, L. R. 3 App. Cas. 193, 18 Eng. Rul. Cas. 677: "The judge has a certain duty to discharge, and the jurors have another and a different duty. The judge has to say whether any facts have been established by evidence from which negligence may be reasonably inferred; the jurors have to say whether, from those facts, when submitted to them, negligence ought to be inferred. It is, in my opinion, of the greatest importance in the administration of justice that these separate functions should be maintained, and should be maintained distinct. It would be a serious inroad on the province of the jury if, in a case where there are facts from which negligence may reasonably be inferred, the judge were to withdraw the case from the jury upon the ground that, in his opinion, negligence ought not to be inferred; and it would, on the other hand, place in the hands of the jurors a power which might be exercised in the most arbitrary manner, if they were at liberty to hold that negligence might be inferred from any state of facts whatever."

The rule thus stated is well settled and universally recognized in this country.

Applying such rule to the case before us, we are constrained to hold that the learned trial court erred in submitting to the jury the question of negligence as alleged. Viewing plaintiff's testimony in its most favorable light, it fails to disclose a failure on the part of defendant's servants to observe such precaution while driving along such trail as ordinarily regulates the conduct of reasonable men; nor can any such failure be reasonably inferred from the testimony as thus viewed. If we are correct in this conclusion, then it necessarily follows that there was no wrong, the defendant servants were not negligent, and consequently defendant is not liable in this action. The law is that if, in doing a lawful act, a casualty, purely accidental, arises, no action will lie for an injury resulting. A person thus accidentally injured cannot recover compensation therefor. As stated in the Wabash, St. L. & P. R. Co. v. Locke, 112 Ind. 404, 2 Am. St. Rep. 193, 14 N. E. 391: "Mischief, which could by no reasonable possibility have been foreseen, and which no reasonable person would have anticipated, cannot be taken into account as a basis upon which to predicate a wrong." And the Indiana court quotes from Pollock on Torts, 36, the following: "Now a reasonable man can be guided only by a reasonable estimate of probabilities. If men went about to guard themselves against every risk to themselves or others which might by ingenious conjecture be conceived as possible, human affairs could not be carried on at all. The reasonable man, then, to whose ideal behavior we are to look as the standard of duty, will neither neglect what he can forecast as probable, nor waste his anxiety on events that are barely possible. He will order his precaution by the measure of what appears likely in the known course of things."

Judge Cooley in Sjogren v. Hall, 53 Mich. 274, 18 N. W. 812, said: "If the accident which occurred was one at all likely to happen,—if it was a probable consequence of a person working about the wheel that he would be caught in it as the plaintiff was,—there would be ground for pressing this argument. But the accident cannot be said to be one which even a prudent man would have been likely to anticipate. . . . So far as there is a duty resting upon the proprietor in any of these cases, it is a duty to guard against probable dangers; and it

does not go to the extent of requiring him to render accidental injuries impossible."

Judge Mitchell, in speaking for the Minnesota court in Christianson v. Chicago, St. P. M. & O. R. Co. 67 Minn. 94, 69 N. W. 640, 16 Am. Neg. Cas. 314, very accurately and lucidly defines the distinction between the definition of "negligent" and "proximate cause." We quote: "What a man may reasonably anticipate is important, and may be decisive, in determining whether an act is negligent, but it is not at all decisive in determining whether that act is the proximate cause of an injury which ensues. If a person had no reasonable ground to anticipate that a particular act would or might result in any injury to anybody, then, of course, the act would not be negligent at all; but if the act itself is negligent, then the person guilty of it is equally liable for all its natural and proximate consequences, whether he could have foreseen them or not. Otherwise expressed, the law is that if the act is one which the party ought, in the exercise of ordinary care, to have anticipated was liable to result in injury to others, then he is liable for any injury proximately resulting from it, although he could not have anticipated the particular injury which did happen. Consequences which follow in unbroken sequence, without an intervening efficient cause, from the original negligent act, are natural and proximate; and for such consequences the original wrongdoer is responsible, even though he could not have foreseen the particular results which did follow."

If the defendant's servants were negligent in driving against this rope, we would have no difficulty in reaching the conclusion that such negligence was the proximate cause of plaintiff's injury, but we fail to discover from the testimony anything from which negligence may properly be inferred. The fact that they were driving along this trail on a "fast trot," and that they drove from 5 to 10 feet from the beaten path of said trail, forms no basis for finding that they were negligent. They did not see this rope, and it is entirely clear that a reasonably cautious person, under like circumstances, could not have anticipated that driving in the manner they were driving at the time of the accident would have resulted in injury to anyone.

We have examined the authorities called to our attention by respondent's counsel, but we find nothing therein in conflict with the

views above expressed. In Kommerstad v. Great Northern R. Co. 120 Minn. 376, 139 N. W. 713, cited by respondent's counsel, the plaintiff, a section man in the employ of the defendant, was injured as a result of the alleged negligence of the defendant in running against a stray horse upon the track, throwing such animal upon and against the plaintiff. The complaint, among other things, alleged that the train was running at an excessive speed, and that no warning signals were given of the approach of said train "to keep or frighten the said horse from said tracks." The court merely held such allegation of negligence sufficient as against a demurrer, and that while the injury was an unusual one the question whether the injury was the proximate consequence of the alleged negligent operation of the train was for the jury. Manifestly, this case sheds no light upon the crucial question in the case at bar, *viz.:* whether, under the facts, it discloses negligence on the part of defendant's employees.

While regretting the unfortunate accident which resulted in the injury complained of, we are forced to the conclusion that no liability attaches to the defendant, and as it is clear from the record that no different state of facts would be developed at another trial, we deem it a proper case for directing the entry of a judgment dismissing the action. It is accordingly ordered that the judgment and order appealed from be and the same are hereby reversed, and the District Court directed to enter a judgment dismissing the action.

On Petition for Rehearing.

Filed Oct. 14, 1913.

Fisk, J. Plaintiff's counsel has filed a petition for rehearing, in which he apparently fails to grasp the distinction pointed out in the opinion between "negligence" and "proximate cause," and he wholly misinterprets the ground of the decision. He says: "The learned justice in writing the opinion reaches the conclusion that there was no breach of duty on the occasion in question, and therefore, though the plaintiff received a severe injury which appeals to the conscience of the court, nevertheless, she has no cause of action, *because the learned justice says that the act of the defendant in going into the rope was not the proximate cause of the injury.*" We said nothing of the kind. On the

contrary, we expressly stated that "if the defendant's servants were negligent in driving against this rope, we would have no difficulty in reaching the conclusion that such negligence was the proximate cause of plaintiff's injury."

Counsel in his petition cites numerous cases which he requests this court to carefully read and consider. One is the case of Costello v. Third Ave. R. Co. 161 N. Y. 317, 55 N. E. 897, and this case is a fair sample of the other cases cited. We have carefully examined the opinion in the above case, and we find this language: "As this record stands, the gross and well-nigh criminal negligence of the defendant's motorman is undisputed." Manifestly, the citation of such authorities is wholly useless. The difficulty with plaintiff's case, as held in the foregoing opinion, is the failure to prove any negligence on the part of defendant's servants, and not a failure to establish that the act of such servants in driving the horse against the rope was the proximate cause of plaintiff's injury.

Petition denied.