L. R. BAIRD, as Receiver of Bucyrus State·Bank, Bucyrus, North Dakota, Respondent, v. GEORGE NELSON and Christ Wolff, Appellants.

(235 N. W. 351.)

Opinion filed February 27, 1931.

Jacobsen & Murray, for appellants.

Zuger & Tillotson, for respondent.

CHRISTIANSON, Ch. J.  This action was brought by L. R. Baird, as receiver of the Bucyrus State Bank, a banking corporation organized under the laws of this state to enforce an alleged stockholder's liability against the various defendants as stockholders in such bank.  Only two of the defendants interposed answers, namely, the appellants George Nelson and Christ Wolff.  The sufficiency of the complaint is not questioned.  It alleges in substance that the bank was capitalized at $15,000; that the capital stock was divided into 150 shares of a par value of $100; that the bank was closed November 24, 1928; that the plaintiff Baird thereafter, on January 16, 1929, was duly appointed receiver; that he duly qualified and entered upon his duties as

such receiver and took into his possession and under his control all property of said bank· including all claims, credits and causes of action belonging to it; that at the time the bank was closed and placed in receivership and for some time prior thereto, the defendant Nelson was the owner and holder of eleven shares of the capital stock of said bank and the defendant Wolff the owner and holder of six shares of said stock; that the contracts, debts and engagements of said bank, at the time of its closing, were, and at the time of the commencement of the action, are, in excess of $98,983.76; that it is impossible for the receiver to pay the contracts, debts and engagements of said bank without resorting to the full amount of the statutory stockholder's liability; that prior to the commencement of this action, to-wit, on January 24, 1929, the district court, in which the liquidation proceedings were pending, and by whom the said receiver was appointed, duly levied an assessment against each of the stockholders of·the said bank for the full amount of the added stockholder's liability, to-wit, the sum of 100 on each share of the capital stock so held by each stockholder; and·that the said district court thereupon directed the plaintiff as receiver to institute an action against the various stockholders to recover the amount so assessed against each stockholder. It is further alleged that the defendants have not paid any part of the assessments so made against them. As said, the defendants other than Nelson and Wolff defaulted. Nelson and Wolff interposed general denials. The case came on for trial upon the issues thus framed and resulted in findings of fact and conclusions of law in favor of the plaintiff. Judgments were thereafter entered against each of the defendants for the full amounts of the respective assessments against them, together with costs. The defendants Nelson and Wolff have appealed and demand a trial anew in this court. The general specification demanding a trial anew is supplemented by certain specific assignments of error.

In appellant's brief on this appeal only two questions are argued, namely: (1) That the court erred in denying defendants a trial to a jury; and (2) that the plaintiff failed to prove by competent evidence the value of the assets of the bank in the hands of the receiver.

Under the laws of this state the shareholders of a banking association organized under the laws of this state are "individually responsible, equally and ratably, and not one for another, for all contracts,

debts and engagements of such association made or entered into to the extent of the amount of his stock therein at the par value thereof, in addition to the amount invested in and due on such shares. Such individual liability shall continue for one year after any transfer or sale of stock by any stockholder or stockholders." Comp. Laws 1913, § 5168. The stockholder's liability prescribed by this statute is for the benefit of the creditors of the bank, and where a receiver has been appointed he may maintain an action to enforce the collection of the statutory liability against the various shareholders. Davis v. Johnson, 41 N. D. 85, 170 N. W. 520; Baird v. Eidsvig, 59 N. D. 484, 230 N. W. 721. See also Elson v. Wright, 134 Iowa, 634, 112 N. W. 105.

The appellants demanded that the case be tried to a jury. This demand was denied and the parties thereupon proceeded to try the cause to the court. Appellants contend that plaintiff's remedy to enforce the "double liability" prescribed by § 5168, supra, is by an action at law; and that consequently the case was properly triable to a jury. The plaintiff, on the other hand, contends that under the facts alleged in the complaint and shown to exist in this case, plaintiff may enforce such liability by an action in equity; that the instant action is equitable in its nature and that consequently the defendants were not entitled to a trial by jury. The question involved in these respective contentions is not free from doubt. There is a conflict in the authorities as to whether an equitable action may be maintained to enforce the statutory "double liability" against the shareholders in the circumstances set forth in the complaint in this action. Some authorities hold that an action in equity may be maintained for such purpose; others hold that the remedy must be pursued at law and not in equity. As said, the plaintiff in this action joined all the stockholders in the Bucyrus State Bank as parties defendant,—the avowed object being to avoid a multiplicity of suits. No objection has been raised to the joinder of the stockholders as parties defendant in one action. The only question raised is whether the defendants were entitled to a trial by jury. We find it unnecessary to determine whether in the circumstances alleged and established in this case the remedy is at law or in equity; for we are all agreed that under

the undisputed evidence the plaintiff was entitled to recover against the defendants as a matter of law and that consequently the appellants were in no manner prejudiced even though issues of fact in an action of this nature are properly triable to a jury. It is undisputed that the appellants were stockholders in the bank at the time it was closed and had been such stockholders for some time prior thereto. It is also undisputed that the bank was closed by the State Banking Department on November 24, 1928; that thereafter, upon proceedings instituted by the attorney general in the name of the state, for itself, and on behalf of all the creditors of such bank, pursuant to the provisions of chapter 99, Laws 1927, the said State Bank of Bucyrus was adjudged to be insolvent and the plaintiff duly appointed receiver thereof for the purpose of winding up its affairs; that thereafter said plaintiff took into his hands and under his control all the assets of the bank; that thereafter in due course of administration the plaintiff, receiver, presented to the district court, in which the receivership proceedings were pending, an application that an assessment be levied against the various stockholders for the full amount of the liability imposed by § 5168, supra; that the district court thereupon duly entered an order making such assessment and further directing the plaintiff, receiver, to institute action to enforce collection thereof. The effect of an order making an assessment for the "double liability" is still an open question in this state. Davis v. Johnson, 41 N. D. 85, 170 N. W. 520. See also Elson v. Wright, 134 Iowa, 634, 112 N. W. 105. And that question need not be determined here, for the plaintiff in this case proceeded upon the theory that he must make proof of the value of the assets and the amount and extent of liabilities of the corporation. Davis v. Johnson, 41 N. D. 85, 170 N. W. 520. Certain witnesses were called and testified. The witnesses so called were men employed by the receiver in handling the assets of the bank. They were familiar with the character and value of such assets. Prior to their employment they had been engaged in the banking business. Their testimony was not contradicted. From their testimony it clearly appears that the assets in the hands of the receiver were and are wholly insufficient to pay the claims, debts and obligations of the bank. In fact it appears beyond controversy that

even though all the stockholders pay their double liability in full, the funds in the hands of the receiver still will be insufficient to pay the obligations outstanding against the bank. Not only does the evidence establish all the material allegations of the complaint; but it further shows affirmatively that the defendants have no defense whatsoever. The evidence in this case is such that reasonable men in the exercise of reason and judgment can arrive at no conclusion other than that the appellants are indebted for the full amount of the "double liability," and that the plaintiff is entitled to recover the same. In short, from the record presented on this appeal it appears beyond question that the plaintiff is entitled to judgment against the appellants upon the merits as a matter of law. In these circumstances it would be an idle ceremony to reverse the judgment and order a new trial even though the defendants would have been entitled to a trial by jury if an issue of fact had existed. There was no such issue. If the case had been submitted to a jury and the jury had returned a verdict in favor of the appellants it would have been the duty of the trial court to have set the verdict aside and to have ordered judgment in favor of the plaintiff notwithstanding the verdict.

A jury may be waived in any civil case; hence, the denial of the demand for a trial by jury in a civil action is a mere error (Re Fife, 110 Cal. 8, 42 Pac. 299; Wittman v. Police Ct. 145 Cal. 474, 78 Pac. 1052), and subject to review in the same manner, and to be tested by the same rules as other errors assigned on appeal. It is a fundamental rule of appellate procedure in this state that a judgment will be reversed only where the error complained of was prejudicial to the substantial rights of the unsuccessful party. Where, as in this case, the record discloses that the unsuccessful party is not entitled to succeed in any event, and the successful party is entitled to judgment upon the merits as a matter of law, intervening errors are nonprejudicial and will neither require nor justify a reversal of the judgment. 4 C. J. 909; Walton v. Mattson, 22 N. D. 532, 135 N. W. 176. This rule is applicable to error assigned upon the denial of a demand for a jury in a civil action. Yutterman v. Grier, 112 Ark. 366, 186 S. W. 749; Eagle v. Oldham, 116 Ark. 565, 174 S. W. 1176, 1199; Croft v. Colfax Electric Light & P. Co. 113 Iowa, 455, 85 N.

W. 761; Rattray v. Talcott, 124 Iowa, 398, 100 N. W. 36; McCormick Harvesting Mach. Co. v. Markert, 107 Iowa, 340, 78 N. W. 33. Judgment affirmed.

BURKE, BIRDZELL, NUESSLE, and BURR, JJ., concur.