Edith M. JASPER, Plaintiff and Appellant,

v.

Karroll FREITAG, Farmers Oil Company of Cooperstown, a North Dakota corporation, and Clifford Young, Defendants and Respondents.

No. 8337.

Supreme Court of North Dakota.

Oct. 20, 1966.

who reside in Larimore in Grand Forks County, made a trip to Fargo on the day of the accident for the purpose of attending some wrestling matches. After the matches, they stopped for coffee and then left Fargo for home, at approximately 10:25 p. m. It was a rainy, misty night in October, and for a part of the way, at least, the highway was wet. The traffic was very light and, as they drove north between Fargo and Grandin, where the accident occurred, the record shows that they met only three oncoming cars. These three vehicles met the Jasper car a short time before the accident. Shortly after meeting the last of these vehicles, the plaintiff's husband noticed the defendant's transport in the driving lane for northbound traffic, in which lane the plaintiff's automobile was moving. When the driver of the plaintiff's car first noticed the defendant's transport, it was approximately three car lengths in front of him. The plaintiff and her husband testified that the transport had no rear lights burning, and that, although Jasper applied his brakes, his car collided with the rear of the transport with great force and violence, causing the personal injuries complained of by the plaintiff.

The driver of the defendant's vehicle testified that he had stopped to rest at a service station just off the main highway at Grandin; that after taking a short nap he started his motor, turned on his lights, and then got out of the cab to check his vehicle, including the tires and the lights; and that at that time all of his lights, both in front and at the rear of his equipment, were burning. He then drove from the service station to the stop sign at the intersection with the highway, stopped, and allowed two cars coming from the north to pass, and then rechecked to determine whether any traffic was approaching from the south. He estimated that, as he was stopped at the intersection, he could see approximately two miles to the south, the direction from which the Jasper car was approaching, and that he did not see any

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for plaintiff and appellant.

Nilles, Oehlert, Hansen, Selbo & Magill, Fargo, for defendants and respondents.

STRUTZ, Justice.

The plaintiff brings this action for personal injuries which she claims to have suffered on October 15, 1962, when the car in which she was riding collided with the rear of an oil truck on the public highway. The plaintiff was the owner of the car in which she was riding which, at the time of the collision, was being driven by her husband.

The facts established by the record disclose that the plaintiff and her husband,

approaching traffic. The record shows that, approximately 1,000 feet to the south of the intersection, the highway angles to the southeast and at this point there is a slight rise in the highway.

After allowing the cars from the north to pass and after rechecking to determine whether any traffic was approaching from the south, the driver of the defendant's transport entered the intersection. He had driven into the right lane for northbound traffic and had proceeded for some distance down the highway, when he suddenly heard the squeal of brakes and then felt the impact as the Jasper car hit the rear of his semitrailer.

The highway patrolman who investigated the accident placed the point of impact 234 feet north of the center of the intersection where the defendant's transport had entered the highway. The record also shows that the defendant's transport was over fifty feet in length, so that the front of the transport had traveled 284 feet from the center of the intersection prior to impact. The evidence also shows that the transport was loaded with 8,000 gallons of gasoline and heating fuel, and weighed over 70,000 pounds.

The plaintiff's cause of action is based on the alleged negligence of the defendant-driver of the transport in failing to maintain a proper lookout for oncoming traffic, failing to yield the right of way, and failure to have the transport properly lighted. Defendant, on the other hand, contends that the accident was caused solely by the negligence of the driver of the plaintiff's car, and that the plaintiff, as owner of this automobile, was in control of the vehicle in which she was riding and which was being driven by her husband, and that therefore the negligence of her husband was imputable to her.

On this record, the jury returned a verdict for the defendant. The plaintiff moved for a new trial, which motion was denied by the trial court. This appeal is from the order denying the motion for new trial and from the judgment entered on the verdict.

■ This court repeatedly and consistently has held that questions of negligence, contributory negligence, and proximate cause of an injury are questions of fact for the determination of the jury, and that unless the evidence is such that only one conclusion can reasonably be deduced therefrom, such determination by the jury is final and binding on this court. It is only when the facts and circumstances are such that reasonable men can draw but one conclusion therefrom that the question of negligence and contributory negligence becomes a question of law for the court. Armstrong v. McDonald, 72 N.D. 28, 4 N.W.2d 191; Leonard v. North Dakota Co-op. Wool Market. Ass'n, 72 N.D. 310, 6 N.W.2d 576; Froh v. Hein, 76 N.D. 701, 39 N.W.2d 11; Huus v. Ringo, 76 N.D. 763, 39 N.W.2d 505; Rokusek v. Bertsch, 78 N.D. 420, 50 N.W.2d 657; Lindenberg v. Folson, 138 N.W.2d 573 (N.D.1965).

The jury having found for the defendants, we first must examine the record to see whether there is any evidence upon which the jury could reasonably have made its determination, for, unless the evidence is such that reasonable men could draw but one conclusion therefrom, its determination on the questions of negligence and contributory negligence is binding on this court.

In support of her allegations of negligence on the part of the defendants, the plaintiff contends that the driver of the defendant's transport entered the intersection when the car in which the plaintiff was riding was within such distance that it was negligent for him to so enter without waiting for the plaintiff's vehicle to go by. The defendant-driver, on the other hand, testified that he had looked in both directions before entering the intersection and he had not seen the Jasper car approaching. He further testified that he had entered the intersection, had started

down the highway, and had traveled for approximately thirty seconds in a northerly direction in the right-hand lane of the highway when his trailer was struck from the rear. According to measurements made by the highway patrol, the rear of the defendant's fifty-foot transport was 234 feet north of the center of the intersection at the time of impact. If the Jasper car was traveling at the rate of forty to forty-five miles an hour, as claimed by the plaintiff, it would have traveled in excess of one-third of a mile in the thirty seconds which elapsed between the time the defendant entered the intersection and the time of impact. Thus the jury could find from the evidence that the car in which the plaintiff was riding was at least 1,700 feet from the intersection when the defendant's transport entered. The jury could well have determined that the collision was due solely to the negligence of the plaintiff's husband, as driver of the vehicle in which she was riding, and that the defendants were not negligent in any regard.

■ Since the evidence is not such that reasonable men could have reached only one conclusion therefrom, the question of negligence and contributory negligence was one for the jury, and its determination on this question is final. This court will not reverse an order granting or denying a motion for a new trial on the ground of insufficiency of the evidence to justify the verdict where the verdict is supported by evidence of a substantial nature. Libby v. Barry, 15 N.D. 286, 107 N.W. 972.

In support of the allegation of negligence on the part of the defendants, the plaintiff and her husband both testified that the defendant's transport, although it was traveling in the proper lane for northbound traffic, had no rear lights. The defendant-driver, on the other hand, testified positively that before entering the intersection he had checked his vehicle, including the lights, and that at the time all of his lights, including those in the rear of his semi-trailer, were burning. Thus there was a direct conflict in the evidence on this point, and it was for the jury to determine whether or not defendant's lights were lit on the rear of his semitrailer.

The evidence is examined and is held to support the verdict. Where the trial court has been asked and has refused to disturb the verdict on the alleged ground that it is not supported by the evidence, this court will not reverse such decision except in a clear case of abuse of discretion. Bristol & Sweet Co. v. Skapple, 17 N.D. 271, 115 N.W. 841; Long v. People's Department Store, 95 N.W.2d 904 (N.D.1959).

Thus the evidence is not such as to entitle the plaintiff to a directed verdict on the question of liability. The verdict of the jury was not against the great weight of the evidence.

The only remaining questions for us to consider deal with the alleged errors of law which the plaintiff claims were committed by the trial court and which she contends necessitate the granting of a new trial.

The plaintiff contends that the trial court committed reversible error in instructing the jury on the matter of lights. The court instructed in the words of the statute (Sec. 39–11–05, N.D.C.C.), but the plaintiff contends that this was error because that statute includes all vehicles, not only motor vehicles but other vehicles moved upon the public highways, and that it provides that such vehicles be equipped with "rear lamps, reflectors, or reflecting material." The statute then goes on to provide that—

"* * * Every motor vehicle shall carry at the rear a lamp of a type which has been approved by the registrar and which exhibits a red light plainly visible under normal atmospheric conditions from a distance of five hundred feet to the rear of such vehicle."

Plaintiff contends that this instruction was error because the use of the term "reflecting material" has no application to

the defendant's tractor-trailer since, under the above-cited statute, the use of reflecting material applies to vehicles which are not motor vehicles; that all motor vehicles must have a red light at the rear. Plaintiff argues that this instruction was misleading to the jury since the jury could have found that the defendant, even if his lights were not lit on the semitrailer, was not violating the law because he had reflecting material on the back of his trailer.

There is no merit to this argument. The instruction as given advised the jury that every motor vehicle should carry at the rear a lamp which exhibits a red light plainly visible under normal atmospheric conditions from a distance of five hundred feet to the rear of the vehicle. Our statute defines a motor vehicle as a "vehicle which is self-propelled." Sec. 39–01–01(2). It defines a trailer as· a "vehicle without motive power designed to carry property or passengers wholly on its own structure and to be drawn by a motor vehicle." Sec. 39–01–01(7). It also defines a semitrailer as a "vehicle of the trailer type so designed and used in conjunction with a motor vehicle that some part of its own weight and that of its own load rests upon or is carried by another motor vehicle." Sec. 39–01–01(8).

Examining the evidence in this case, we find that the rear section of the defendant's equipment was used in conjunction with a motor vehicle and that a part of its own weight and load rested upon the tractor pulling it. It therefore was a semitrailer. Plaintiff in her brief concedes that it was a semitrailer. But whether it was a trailer or a semitrailer is not important. Section 39–11–11, North Dakota· Century Code, which was in force at the time of the accident resulting in this action, but which has since been amended, provided:

"No trailer or semitrailer shall be transported or operated on the highways of this state unless it is equipped with approved reflectors not less than three inches in diameter, or with tail lights."

In the light of this statutory requirement, which was the law at the time the cause of action arose, the instruction of the trial court was proper. A semitrailer equipped with either reflectors or taillights was properly lighted under the provisions of the statute then in force.

The plaintiff claims that the court committed prejudicial error when the jury was instructed that, from the evidence in the case, the court had determined that:

"* * * the said plaintiff, herself, did not commit any act or acts of negligence which could be considered to have directly or proximately contributed to the happening of the accident, and you are, therefore, directed not to consider any of the defendants' issues based thereon."

The plaintiff contended that this instruction, although admittedly proper, was nullified by an instruction given just preceding it, when the court told the jury:

"I have not expressed nor intended to express, nor have I intended to intimate, any opinion as to which witnesses are· or are not worthy of belief, what facts are or are not established or what inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it."

The plaintiff claims that by this earlier instruction the court, in effect, told the jurors that they should disregard the instruction that followed, which was to the effect that the court found that the plaintiff did not commit any act of negligence which could be considered to have directly or proximately contributed to the accident.

The portion of the instruction complained of clearly is proper. That portion of the instruction merely advised the jury that the court had not expressed and did not intend to intimate what facts are and are not established by the evidence. In other words, the court told the members

of the jury that they alone were the finders of fact. As already pointed out, in this State the questions of negligence and proximate cause are questions for the jury. But the court did more than tell the jurors that they were the finders of fact. After stating that the question of negligence was for the determination of the jury, he continued by saying that in this case the court had determined that the plaintiff herself was not negligent. Surely the plaintiff cannot contend that the instruction submitting the question of negligence to the jury was error merely because that instruction was immediately followed by an instruction that the court had determined that the plaintiff herself had not committed any act of negligence which could be considered to have directly or proximately contributed to the happening of the accident.

■ This court has repeatedly held that instructions must be considered and construed as a whole. When isolated portions of an instruction contain an erroneous statement of law, error cannot be predicated on such portion of the instruction if the charge as a whole is not subject to objection. Hook v. Crary, 142 N.W.2d 140 (N.D.1966); Teegarden v. Dahl, 138 N.W.2d 668 (N.D.1965); Kuntz v. Stelmachuk, 136 N.W.2d 810 (N.D.1965); Nevland v. Njust, 78 N.D. 747, 51 N.W.2d 845; Ferderer v. Northern Pacific Ry., 77 N.D. 169, 42 N.W.2d 216.

As previously pointed out, questions of negligence and contributory negligence are properly questions for the jury. Submitting the question of negligence to the jury was not error merely because the court immediately thereafter advised the members of the jury that in his opinion the plaintiff had not committed any act of negligence. At least it was not error of which the plaintiff can complain. Error cannot be predicated on a portion of an instruction where the instruction as a whole is proper. Advising the jury that the plaintiff had not committed any act of negligence cured any defect in the instruction, even though

the evidence of negligence on the part of the plaintiff was slight or, in fact, did not exist. The court told the jury that the plaintiff was not negligent. What more could she ask?

The plaintiff next contends that the trial court erred in denying the plaintiff's motion to have the issue of imputed negligence of the husband, as driver, to the plaintiff, as owner and passenger in the car, taken from the consideration of the jury and that the jury be instructed that, as a matter of law, the plaintiff's husband was not her agent. In this connection, the court instructed the jury as follows:

"The evidence in this case clearly shows that at the time of the accident the plaintiff, Edith M. Jasper, was the registered owner of the 1959 Pontiac automobile, which was involved in this accident.

"The Court instructs you that under the laws of the State of North Dakota, there is a presumption, in the absence of any evidence to the contrary, that an owner present in his or her car has the power to control it. However, this presumption is what is called a rebuttable presumption and can be rebutted by evidence to the contrary, which evidence the plaintiff has attempted to show."

There is a wide difference in the results reached by the courts of various jurisdictions on the question of whether an owner who is present in his car while it is being driven by another is chargeable with the negligence of such driver. This court has not had occasion to pass on this exact question. In the case of Pearson v. Erb (N.D.), 82 N.W.2d 818, we had such a situation before us, but that case involved an accident that had taken place in the State of Minnesota, and this court, in arriving at its decision, was attempting to apply Minnesota law. Minnesota recently, however, has changed its position on this question. In the case of Weber v. Stokely-Van Camp, Inc., Minn., 144 N.W.2d 540, decided July 29, 1966, the Minnesota court

held that the negligence of a servant who was involved in an automobile accident would not be imputed to his master who was riding with him at the time, and that the servant's negligence would not bar the master's right of recovery against a negligent third party. Thus the basis of our holding in *Pearson,* where we said that where the owner of an automobile being driven by another is an occupant thereof, there is a rebuttable presumption that the owner has control over it, no longer exists. Minnestoa thus has reversed its position which was the basis for the holding in *Pearson.*

Each case must be decided upon its own facts. If the evidence in a particular case is such that it would justify the jury in finding that the wife, as owner and passenger, had control over the automobile being driven by her husband, the negligence or contributory negligence of the husband-driver would be the negligence of the wife, as owner. In the case at bar, the trial court instructed the jury that—

"* * * there is a presumption, in the absence of any evidence to the contrary, that an owner present in his or her car has the power to control it."

■■ The test of the owner's liability should be whether he had a reasonable opportunity to exercise the right to control under the circumstances in a particular case. As stated in Restatement, Second, Torts, Section 495,

"A plaintiff is barred from recovery if the negligence of a third person is a legally contributing cause of his harm, and the plaintiff has been negligent in failing to control the conduct of such person."

■ Thus the question submitted to the jury in this case should have been whether, under the circumstances of this case, the plaintiff was negligent in failing to control the driving of her husband, not whether the plaintiff, as owner, had the right to control. As pointed out by the Minnesota court in Weber v. Stokely-Van Camp, Inc., supra, the realities of the operation of a vehicle on a highway cannot be overlooked in dealing with the rights and obligations of persons in the car. Nothing could be more dangerous, while operating a car in congested traffic, than to permit the master or owner, riding as a passenger in his car, to interfere constantly with the driving of the car. To do so would be the clearest evidence of active negligence on the part of such owner-passenger.

The mere presence of the owner in the automobile while it is being driven in a negligent manner therefore will not necessarily make such owner liable for injury caused by such negligent operation nor impute such negligence of the driver to such owner-passenger. This would be especially true in a case such as the one at bar, where the driver is the husband of the owner-passenger. The husband is the head of the family, and, when he is driving his wife's automobile, even with her riding as a passenger, there is a presumption that he is in control.

We believe that the instruction of the trial court in this case that "there is a presumption, in the absence of any evidence to the contrary, that an owner present in his or her car has the power to control it," was therefore misleading, without a further instruction to the jury that the plaintiff could not be barred from recovery unless the evidence further establishes that she was negligent in failing to control the conduct of the driver under the circumstances in this case.

The instruction objected to being misleading, we believe that giving it constituted reversible error. The judgment therefore is reversed and a new trial is granted.

ERICKSTAD, KNUDSON and MURRAY, JJ., concur.

TEIGEN, Chief Justice.

I dissent with the result reached by the majority in this action. The majority have granted a new trial upon the grounds that an instruction objected to was misleading and constitutes reversible error. The instruction relates only to the question of the contributory negligence of the plaintiff, if any. In other words, it relates to an affirmative defense. However, before the plaintiff is entitled to recover a judgment against the defendants, she has the burden of establishing by a fair preponderance of the evidence that the defendants were negligent and that their negligence was a proximate cause of her injury. The defendants in their separate answers deny that the defendant Freitag as the driver of the transport truck was negligent. The action was tried before a jury in the district court. The jury returned a verdict in favor of the defendants for a dismissal of the action, and judgment was entered in accordance with the verdict. The plaintiff has appealed from the judgment and from an order denying new trial, and specifies a number of claimed errors. The defendants say that substantial justice requires that the case be affirmed on this appeal without further expense or delay to the prevailing defendants and without further disappointments to the appellant; that error, if any, is not reversible error.

It is well-established that a judgment will not be disturbed because of errors committed upon a trial of an action if the record discloses that the unsuccessful party would not have been entitled to judgment in any event. Nogart v. Hoselton, 77 N.D. 1, 39 N.W.2d 427; Baird v. Nelson, 60 N.D. 503, 235 N.W. 351; Walton v. Mattson, 22 N.D. 532, 135 N.W. 176; Prairie School Tp. v. Haseleu, 3 N.D. 328, 55 N.W. 938.

The plaintiff's cause of action is based on the alleged negligence of the defendant driver of the transport in failing to maintain a proper lookout for oncoming traffic, failing to yield the right of way, and failing to have the transport properly lighted. The question arises, does the record made in this case present any evidence of negligence on the part of the defendant-driver? In an action for personal injuries on account of alleged negligence of a defendant, the failure of proof of negligence entitles the defendant to a dismissal of the action. Goulet v. O'Keeffe, N.D., 83 N.W. 2d 889; Ferm v. Great Northern Ry. Co., 53 N.D. 543, 207 N.W. 39.

We have also held that where the evidence in a negligence case does not affirmatively establish some circumstance from which the defendant's negligence may fairly be inferred, it is error to submit the case to the jury. Garraghty v. Hartstein, 26 N.D. 148, 143 N.W. 390. The undisputed and conceded evidence establishes that the transport truck driven by the defendant-driver had turned onto U. S. Highway #81, from an east-west road leading into Grandin, North Dakota; that the point of impact was 234 feet north of the center of the intersection from where the defendants' transport had entered U. S. Highway #81. The transport at that point was rear-ended by the automobile in which the plaintiff was riding. Two hundred thirty-four feet is more than three-fourths the length of an ordinary city block. The front end of the transport was over 284 feet north of the center of the intersection. The evidence also establishes without contradiction that the transport was proceeding on its right side of the highway, and that it was equipped with approved reflectors at the rear. The transport was the semitrailer type, and a majority have properly found that it was not required by law to be equipped with taillights if it was equipped with approved reflectors. The evidence establishes, again without contradiction, that it was so equipped. The reflectors mounted on the rear end of the trailer were introduced in evidence at the trial. There is no evidence that the defendant-driver violated any of the laws of the road, either in respect to his driving or his equipment. The

evidence does not establish he owed a duty to this plaintiff which he violated. The plaintiff has totally failed to prove by any evidence that the defendant-driver was negligent. Certainly it cannot be said that the defendant-driver was negligent in failing to yield the right of way to an oncoming automobile that was far enough away from the intersection at the time the defendant-driver entered it to permit him to move his vehicle from a stopped position at the intersection to a point on the highway 234 feet distant therefrom before the oncoming automobile, traveling at a speed of from 40 to 50 miles per hour, caught up. I feel that if the jury had returned a verdict favorable to the plaintiff, it would have to be reversed on the ground of insufficiency of the evidence to sustain it, for the reason that the evidence as a matter of law does not establish actionable negligence. I fail to see how reasonable men could draw but one conclusion, to wit, that the defendant-driver was not negligent, and this, I think, is what the jury found.

In McDermott v. Sway, 78 N.D. 521, 50 N.W.2d 235, this Court quoted with approval from Shearman and Redfield on Negligence, Section 3, page 9, the following principle:

> [A]ctionable negligence consists of a duty the violation thereof and a consequent injury. The absence of any one of the three elements is fatal to the claim.

We have often held that actionable negligence is a failure to observe a legal duty existing in favor of the person who brings the action. Where there is no duty, there can be no actionable negligence. Mikkelson v. Risovi, N.D., 141 N.W.2d 150; Larson v. Meyer, N.D., 135 N.W.2d 145; Avron v. Plummer, N.D., 132 N.W.2d 198; Belt v. City of Grand Forks, N.D., 68 N.W. 2d 114; O'Leary v. Brooks Elevator Company, 7 N.D. 554, 75 N.W. 919, 41 L.R.A. 677. The verdict of the jury for a dismissal of the action was therefore correct as a matter of law. Since the claimed error specified by the plaintiff and appellant re-

lated to matters which would not add anything material to plaintiff's proof, the specified errors were not prejudicial. I would therefore affirm the judgment and the order denying a new trial.