WILCOTT, Appellant, vs. LEY, Respondent.

*April 10—May 12, 1931.*

*Clement W. Dwyer* of Green Bay, for the appellant.

For the respondent there was a brief by *William O. Meilahn,* attorney, and *Harry M. Schuck* of counsel, both of Milwaukee, and oral argument by *Mr. Meilahn.*

WICKHEM, J.   It is the contention of the appellant that the trial court was in error in imputing to plaintiff the negligence of his wife in operating the car.   Appellant relies principally upon the case of *Brubaker v. Iowa County,* 174 Wis. 574, 183 N. W. 690, as sustaining his contention.   In this case plaintiff, her husband, and her sister were driving from Oshkosh to Sioux City, where she and her husband intended to reside.   They were traveling in the husband's automobile and he was driving.   The injuries were the result of a defect in the highway, which the jury found was not in a reasonably safe condition for travel.   The jury found no contributory negligence on the part of the driver, but the trial court changed this answer.   On appeal it was the contention of appellant that the parties were engaged in a joint enterprise, and that the case was within the following language in the case of *Reiter v. Grober,* 173 Wis. 493, 181 N. W. 739:

"Only so much of the *Prideaux Case* [43 Wis. 513] is overruled as imputes the negligence of the driver to an occupant in a private conveyance who has no control over the driver; is not engaged in a joint undertaking with him; is guilty of no negligence himself; and stands in no other relation to him requiring his negligence to be imputed to the occupant."

. The court held that the *mere* fact that the parties were traveling in the same car, whether for pleasure or to change

their abode, did not constitute a joint enterprise within the language of the *Reiter Case*. It was further held that facts in the case did not establish that the husband was the agent of the wife or subject to her direction and control.

Appellant argues that the facts in the instant case are substantially similar to those in the *Brubaker Case,* and that there is no basis for holding that this was a joint enterprise, or that the wife was the agent of her husband. We think the *Brubaker Case* is clearly distinguishable. Here the car was the property of the plaintiff, and according to the undisputed evidence was being driven by the wife at his direction because of the fact that he was too tired to drive it. Under these circumstances the rule laid down in *Zeidler v. Goelzer,* 191 Wis. 378, 211 N. W. 140, is applicable. In that case the court said:

". . . The liability of an owner of an automobile when operated by any other person, whether he be a stranger or a member of the family, can only be predicated on the principles obtaining in the law of master and servant and of principal and agent; that liability results from the doctrine of *respondeat superior;* that when an automobile is operated by a member of the family under circumstances which indicate that it is used solely for the pleasure of the family or for any member or members thereof, liability does not ensue from the mere relationship existing; and that where a machine is taken out solely for the individual pleasure or comfort of a member of the family, even though it be with the consent of the owner, no liability against the owner can ensue. In brief, in order that the owner may be held liable, the operation of the machine must be in furtherance of his business or of his welfare.

"The term 'business' as thus used is not confined in its meaning to an undertaking conducted for money profit. It may embrace any benefit which may inure to him. While no legal obligation devolves upon the head of a family to furnish a car which affords pleasure and amusement to the members of his family, and while he is under no obligation to delegate or direct any one to operate a car for the benefit

of his family, nevertheless, when he directs either a stranger or a member of his family to operate the car under such circumstances that the one so placed in charge may be deemed to perform a service for him, which service without such direction or delegation he would necessarily be obliged to perform himself, then there can be no logic advanced which will lead to the conclusion that a relationship of master and servant or principal and agent is not created, assuming that from such operation the owner receives a benefit."

The undisputed evidence discloses that plaintiff's wife, at the time of the accident, was driving his car at his request and rendering a service beneficial to him, which otherwise he would have been obliged to perform himself. We cannot escape the conclusion that she was plaintiff's agent and that her negligence is imputed to him. In this view of the case it becomes unnecessary to consider whether plaintiff was in fact guilty of negligence.

*By the Court.*—Judgment affirmed.