H. C. JACOBSEN v. AARON DAILEY AND ANOTHER.[1]

April 1, 1949.

No. 34,811.

[1]Reported in 36 N. W. (2d) 711.

202

*Dorsey, Colman, Barker, Scott & Barber* and *Henry Halladay,* for appellants.

*Ryan & Kain,* for respondent.

MAGNEY, JUSTICE.

Defendant Aaron Dailey was the owner of an automobile. Plaintiff also owned one. Early in the morning of November 11, 1946, the cars, going in opposite directions on state highway No. 7, between Excelsior and Minneapolis, collided. Both cars were damaged. At the time of the accident, the Dailey car was operated by defendant Warren Dailey, son of the owner, solely for his own purposes. The Jacobsen car was operated by Jack Jacobsen, son of its owner, also solely for his own purposes. Plaintiff brought action against the Daileys to recover for damages to his car. Defendant Aaron counterclaimed. The amount of damages to each car was stipulated. The jury returned a verdict for plaintiff. The appeal is from an order denying defendants' motion for judgment notwithstanding the verdict or a new trial.

· The accident resulted from the failure of either or both of the operators to keep wholly to the right of the center line of the high-

way. Either or both were driving over the center line in a prohibited lane, or there could have been no collision. There is the usual conflict of testimony. As the main contentions in this appeal do not center on the sufficiency of the evidence to support the verdict, it is unnecessary to detail and discuss the facts surrounding the accident. Suffice it to say that in our opinion the verdict is adequately supported.

■ Defendants contend, first, that the court erred in refusing to give a requested instruction to the effect that if the jury should find that defendant Aaron, through the negligence of his son Warren, proximately caused or contributed to cause the damage to plaintiff's car, the plaintiff would be entitled to recover, unless the jury should also find that plaintiff's negligence, through that of his son Jack, contributed to the collision as a proximate cause thereof. In other words, defendants requested the court to instruct the jury that the negligence of Jack, the son, was imputable to the father, the owner of the car, in the latter's action to recover for damages to his automobile, and that the court erred in refusing so to instruct.

Defendants also contend that the court erred in refusing to instruct as follows:

"I charge you, as a matter of law, that under the statutes of this state, each of the two automobiles here in question, being operated by drivers with the consent of the respective owners, were being operated by agents of each of the owners. I also charge you, as a matter of law, that neither of the owners is responsible to the other for the negligence of either of the drivers even though both drivers were negligent."

Both requests raise the same question.

The statute referred to is M. S. A. 170.54, which reads:

"Whenever any motor vehicle * * * shall be operated upon any public street or highway of this state, by any person other than the owner, with the consent of the owner, express or implied, *the operator thereof shall* in case of accident, *be deemed the agent of the*

*owner* of such motor vehicle in the operation thereof." (Italics supplied.)

Appellants contend that by the language of this statute a person who operates a motor vehicle with the consent of the owner becomes the agent of the owner for all purposes in connection with the operation of the vehicle, and that in this case the negligence, if any, of Jack, the son, would be imputed to plaintiff, the father.

In Christensen v. Hennepin Transp. Co. Inc. 215 Minn. 394, 408, 10 N. W. (2d) 406, 415, 147 A. L. R. 945, this court thoroughly considered § 170.54 (Minn. St. 1941, *170.04,* as cited in the Christensen case). We there held that contributory negligence of a husband operating upon a public highway an automobile of which his wife was a co-owner and in which she was riding at the time of its collision with the truck of a third person was not imputable to the wife merely because of such facts, either under (a) the common law, or (b) the safety responsibility act (Minn. St. 1941, 170.01 to 170.19, as cited in the Christensen case), in an action by the wife to recover damages for personal injuries against the third party because of his negligence. Since § 170.54 is silent with respect to the rights of the owner in an action where he seeks recovery against a third party for damages sustained by him as the result of the ownership or operation of a motor vehicle, the court in the Christensen case proceeded to construe the statute with that situation in mind. It first considered the purpose of the safety responsibility act (L. 1933, c. 351) as disclosed by its title. Its purpose as so disclosed is to provide for the *establishment of financial responsibility* by owners of motor vehicles for personal injuries, including death, and property damage resulting from the maintenance, use, and operation thereof. The provisions of the act, in harmony and conformity with its title, concern themselves with the placing of financial responsibility upon owners of automobiles. The court there cited Holmes v. Lilygren Motor Co. Inc. 201 Minn. 44, 48, 275 N. W. 416, 418, where we said:

"* * * It is clear that *the purpose [of the statute in question]
was to make the owner of motor vehicles liable to those injured* by
their operation upon public streets or highways where no such liability would otherwise exist." (Italics supplied.)

We then said (215 Minn. 412-413, 10 N. W. [2d] 416-417):

"* * * The subject of imputing a driver's contributory negligence
to the owner is not mentioned in the statute. It is not the mischief
at which the statute aims. It is entirely foreign to the purpose of
the statute. The express provisions set limits which exclude the entire
subject of imputed contributory negligence.

* * * * *

"The very reason for holding the consenting owner liable for negligence of the operator of his automobile, that of furnishing financial
responsibility to an injured party, is completely absent in the owner's action to recover for damages sustained by him as a result of
the concurrent negligence of the operator and the third party.
Therefore, it is a *non sequitur* to say that, because the policy of the
statute is to impose liability against the bailor, it also is its policy
to impute to him the contributory negligence of his bailee. * * *

"Furthermore, to extend the doctrine of imputed contributory
negligence to cases of bailor and bailee and driver and guest involves a change of existing law, which is not warranted by the terms
of the statute."

In construing § 170.54 (§ 170.04 in the Christensen case), we
stated the meaning of the statute to be that (215 Minn. 410, 10
N. W. [2d] 415) "the driver causing an accident shall be deemed
the owner's *agent, * * * for purposes only of holding the owner
liable to persons injured by the driver's negligence"* (italics supplied), and concluded (215 Minn. 417, 10 N. W. [2d] 418) that the
rule that a bailee's negligence is not imputable to the bailor in an
action by the latter against a third party is sound in principle.

As we have been invited by this appeal to reëxamine and reconsider the rule adopted in the Christensen case, it seemed appropriate to quote at length the language of that opinion and to incorpo-

rate it here. What we there said expresses our present view of the meaning of § 170.54. Nothing has occurred to us or has been called to our attention which inclines us to adopt any other interpretation. The statute is not so framed as to constitute the bailee the owner's agent. And we can find nothing to indicate a purpose to create a universal responsibility for all purposes. Mr. Justice Peterson, in the course of the opinion in the Christensen case, cites and fully reviews numerous authorities from other jurisdictions. Another review here is therefore not warranted. The rule announced in the Christensen case was later approved by us in Kane v. Locke, 216 Minn. 170, 12 N. W. (2d) 495.

It is interesting to note that the same interpretation which we have given the statute was given to it by the court of an adjoining jurisdiction. In Zowin v. Peoples Brg. Co. 225 Wis. 120, 124, 273 N. W. 466, 468, Mr. Chief Justice Rosenberry states:

"* * * While the Minnesota statute uses the word 'agent,' it does not attempt to make liability a part of an agency contract and so make it contractual. It merely makes the owner of a car driven by a person with his consent liable as though that person were an agent, a very different thing."

Also of interest are the comments made by the American Law Institute relative to statutes similar to the one here involved. In a caveat, which accompanies Restatement, Torts, § 485, it is stated:

"The Institute expresses no opinion as to whether the rule herein stated is applicable if a statute imposes vicarious liability for harm negligently caused to others by third persons for whose conduct he would not at common law be responsible."

The rule stated (§ 485) is as follows:

"Except as stated in §§ 493 and 494, a plaintiff is barred from recovery by the negligent act or omission of a third person if, but only if, the relation between them is such that the plaintiff would be liable as defendant for harm caused to others by such negligent conduct of the third person."

The text comments on the caveat, as follows:

"*b*. A statute may make the owner of an automobile liable for any harm done to others by the manner in which it is driven by any person whom the owner permits to drive it. The Caveat leaves open the question whether the effect of such a statute is to create a universally applicable vicarious responsibility and, therefore, to make the negligence of such a bailee a bar to recovery by the owner for harm to him or the car. The question is one of statutory construction. If the purpose of the statute is to give to persons injured by the negligent operation of automobiles an approximate certainty of an effective recovery by making the registered owner, who is required to take out insurance to cover his liability or who is likely to do so, responsible as well as the possibly or probably irresponsible person whom the owner permits to drive the car, the statute does not make the driver's contributing negligence a bar to the owner's recovery for harm done to the car by the negligence of a third person."

We have already expressed our opinion that the purpose of the Minnesota statute is in line with the condition set out in the above comment.

■ Defendants also contend that under the facts of this case the court erred in refusing to give their requested instruction embodying the rule of the so-called family-purpose or family-car doctrine. The request is in part as follows:

"* * * I charge you, as a matter of law, that at the time of the collision, Jack Jacobsen was the servant of his father and his father is not only liable for the negligence of Jack Jacobsen, if you find that Jack Jacobsen was negligent, but also is barred from recovering from the defendants, or either of them, by the negligence of his son, * * *."

The family-purpose doctrine, also referred to as the family-car doctrine, has been accepted by about half the American courts, Minnesota included, and repudiated entirely by an equal number of

courts. Where repudiated, the rejection was placed on the ground that the doctrine creates a fictitious agency without any basis in fact. Prosser, Torts, § 66, p. 500. The courts adopted what is regarded as a fiction, a fiction "that the gift of the privilege of using a chattel makes the donee use it as a servant of the owner." 36 Harv. L. Rev. 102. The principles of the law of master and servant and principal and agent were stretched beyond their former limits. 5 Am. Jur., Automobiles, § 365. The supposed necessities of the situation influenced the courts in adopting the doctrine. Automobiles were becoming more and more common. Heads of families were providing cars for the use of the members thereof, often solely for the driver's own purposes. Accidents occurred, and third persons received injuries and damage to their cars through the negligence of drivers who were financially irresponsible and whose status was that of bailees only. The doctrine was accepted in this state many years ago to meet the situation which had arisen. This court felt that recourse should be granted to third parties who suffered injury or loss through the negligent operation by financially irresponsible members of a family of cars kept by the head of the family for his own and their pleasure and convenience. The doctrine was adopted to avoid unjust results.

In 1933 the safety responsibility law was enacted. Every financial responsibility to third persons that could be imposed upon the owner of a car under the family-purpose doctrine is now imposed on him by that act. The doctrine and the safety responsibility act, insofar as they affect an owner's liability to third persons, overlap. To that extent they are merged. In Krinke v. Timm, 211 Minn. 510, 512, 515, 1 N. W. (2d) 866, 867, 868, Mr. Justice Loring referred to the family-car doctrine as "now merged in the owner's responsibility statute" and "now superannuated." In 5 Am. Jur., Automobiles, § 366, it is stated:

"It may be observed that the practical results accomplished by the family purpose doctrine, without the aid of a statute, are secured in some states by statutes which in effect hold the owner

responsible for all injuries negligently inflicted while the car is being used by another with the owner's consent, express or implied. Such statutes, however, go further than the doctrine and cover cases · beyond their reach—as, for example, where the car is not kept for family use, but is loaned upon a particular occasion."

The necessity for the rule embodied in the family-purpose doctrine no longer exists. The practical results secured by its application are being equally well accomplished under § 170.54 of the safety responsibility act. Since the supposed necessity and reason for the doctrine no longer exist, in fact, have not existed for a long time, the rule itself should be abandoned. The present confusion would thus be avoided. As the rule of the family-purpose doctrine has served its purpose, and § 170.54 of the safety responsibility act has in effect replaced it, we are holding that it is no longer in operation. The general principle of imputed negligence does then apply. This principle is set forth in Restatement, Torts, § 485, already quoted. Only under circumstances where the relationship between the owner of the car and the driver thereof be that of master and servant, or where the owner and the driver are engaged in joint enterprises, or in situations as are set out in Restatement, Torts, §§ 493 and 494, can the question of imputed negligence so as to bar a recovery arise. The contributory negligence of a bailee of a chattel does not bar the bailor from recovery. *Id.* § 489.

■ Defendants also contend that the court erred in refusing to give a requested instruction to the effect that if the jury should find that both drivers were negligent and the accident was caused by such concurrent negligence the jury should deduct the amount stipulated as damages to defendants' car from the amount stipulated as damages to plaintiff's car and bring in a verdict for plaintiff in the sum of $100, the amount of the difference. The court did submit to the jury two forms of verdict to take care of the situation in case the jury found both drivers negligent and that such negligence was the proximate cause of the accident. It told the jury that if "both drivers were negligent, and the negligence of each was a proximate

cause of the resulting collision and damage, then each father will recover his damages from the other." This creates an unusual and novel situation, but we have no quarrel with the procedure adopted by the trial court. In the Christensen case, we quoted a statement from 17 Cornell L. Q. 158, 165, applicable here. It bears repetition. It states:

"Attention is called by the minority to the singular result of such a decision upon a situation where two bailees are contributorily negligent, each damaging the car intrusted to the other. Not only would it *not* be illogical to allow the bailors to recover from each other's bailee, which would be the situation at common law anyway, but the policy of the statute would thus be well illustrated in giving the bailors a recovery against each other. Loss would be shifted to the owner, and at the same time the person causing the negligence would be liable. That the amounts recoverable by the bailors in suits against each other would depend upon the extent of the harm suffered by each and of the negligence from which it resulted seems a highly equitable solution."

■ Defendants also assert as error the court's refusal to give the jury a form of verdict whereby it could return a verdict in favor of defendants, but without damage. We find no error in the court's refusal. The weather conditions at the time of the accident were bad but, from the evidence, not so bad that no one was to blame for the accident. Either one or both drivers must have been negligent; otherwise, in our opinion, the accident could not have happened.

Order affirmed.

MR. CHIEF JUSTICE LORING took no part in the consideration or decision of this case.