# THOMAS ELLINGBOE v. ROY D. GUERIN.[1]

April 1, 1949.

No. 34,829.

*G. P. Mahoney* and *J. W. Cragg,* for appellant.

*McMeekin & Quinn* and *Thomas Quayle,* for respondent.

[1]Reported in 36 N. W. (2d) 598.

MAGNEY, JUSTICE.

Plaintiff was the owner of an automobile. On November 15, 1946, while driven by his daughter, Marilyn Stapleton, it collided with a car owned and operated by defendant. Both cars were damaged. Plaintiff brought action to recover for his loss. Defendant counter-claimed. Marilyn and Jacqueline, her daughter, who was a passenger in the car, brought separate actions to recover for injuries sustained. The three cases were tried together. A verdict was returned for Jacqueline, and verdicts were rendered for defendant in the other two cases, without recovery against plaintiff on the counterclaim.

The court charged the jury:

"The Dodge car was owned by the plaintiff, Thomas Ellingboe, and was operated by the plaintiff, Marilyn Stapleton, as his agent so if, and only if, Marilyn was guilty of negligence or contributory negligence, Thomas Ellingboe is also guilty. Since Jacqueline was only a passenger, no negligence nor contributory negligence may be imputed to her."

The jury came back for further instructions. The court then told the jury, among other things, that, even if it found defendant guilty of negligence, Marilyn could not recover if she was guilty of contributory negligence, and also that if it found Marilyn guilty of contributory negligence such negligence would not be imputed to her daughter. The court then discussed the situation in the Ellingboe case as follows: He told the jury that there was some difficulty in that case. The troublesome question was whether the contributory negligence of Marilyn, the driver, could be imputed to her father, the owner of the car. He said:

"* * * Perhaps you saw this afternoon that Mr. Cragg [one of the attorneys for defendant], after both counsel had completed their arguments, handed me a yellow sheet of paper which was a request for an instruction. * * * In order to explain the situation, I will read it to you now: 'The above named defendant respectfully requests the court to instruct the jury as follows: Under the evidence

produced in this case, the car of the plaintiff, Thomas Ellingboe, driven by his daughter, Marilyn Stapleton, at the time of the accident was a family purpose car and was being used for such purposes at the time of the accident and any negligence of said daughter would be imputable to the plaintiff, Thomas Ellingboe.' After I had read that, I turned to Mr. Quinn [one of the attorneys for plaintiff] and he said he had no objection to it, and then I said to Mr. Cragg, or to both of them, that I would give that instruction but in different and simpler language, * * *."

The court then reread the instruction which he had already given in the original charge on this point and said:

"* * * and at the end of the instructions I turned to both lawyers and asked if they had any objections to what I had said and Mr. Quinn said he had none. Then I asked Mr. Cragg if I had covered his point, referring to this yellow sheet of paper, and he said that I had. Whatever the effect of that agreement may be, and there is some question as to whether this is the law or not, and I didn't go into it because they both agreed to it, my present idea is that if anything needs to be done about that agreement I can correct that later on after you have brought in a verdict in the case of Thomas Ellingboe."

Later on, in the supplementary charge, he stated:

"* * * On the other hand, if you find that he [defendant] was not negligent, then of course you must determine whether Marilyn was guilty of negligence because that case on the counter-claim is just like another lawsuit. Does everybody understand the counter-claim business?"

After the three verdicts had been handed to the court the court said:

"An inspection of the three verdicts leads me to the conclusion that you found the defendant guilty of negligence and that you found Marilyn, the driver, guilty of contributory negligence, is that correct?" to which a juror answered: "That is correct."

The court again referred to the legal question, which he had discussed when the jury returned for further instructions. He thereupon sent the jury out again to assess the damages to plaintiff's car and to bring in a verdict for plaintiff. No other direction was given. The jury returned a verdict of $800 for plaintiff. The court was apparently convinced that it erred in its original charge when in effect it stated that the negligence of Marilyn would be imputed to her father, the owner of the car. To avoid a retrial, if possible, the court adopted the above procedure.

We then have the novel situation of two inconsistent and contradictory general verdicts in the same case. The second verdict was in effect a directed verdict except as to the amount. Plaintiff made a motion to have the first verdict stricken from the record. Defendant moved to have the second verdict stricken. Plaintiff's motion was granted and defendant's denied. Judgment was entered on the second verdict, and defendant appeals.

The court in its memorandum accompanying the order cited Christensen v. Hennepin Transp. Co. Inc. 215 Minn. 394, 10 N. W. (2d) 406, 147 A. L. R. 945, and Nash v. Lang, 268 Mass. 407, 167 N. E. 762, referred to and approved in the Christensen case, and stated that his order was based on these cases. He said:

"* * * Those two cases compel me to conclude that the relationship between the plaintiff and Mrs. Stapleton was that of bailor and bailee and therefore the contributory negligence of the latter may not be imputed to the former."

Defendant contends that the contributory negligence of a member-of-the-family driver of a family-purpose automobile may be imputed to the head-of-the-family owner and that therefore the instruction of the court given to the jury on this phase of the case was correct. Plaintiff insists that Marilyn was not a member of his family; that the safety responsibility act has replaced the family-car doctrine in this state; that the relationship between Marilyn and plaintiff was that of bailor and bailee; and that no negligence on the part of Marilyn could be imputed to plaintiff.

In our decision in Jacobsen v. Dailey, 228 Minn. 201, 36 N. W. (2d) 711, filed herewith, we hold that the family-purpose doctrine is merged with M. S. A. 170.54 of the safety responsibility act and superseded by it, and that it is no longer to be considered a rule of law in this state.

The trial court was in error, as it readily concedes, when in its original charge it told the jury to apply the rule of the family-purpose doctrine. In our opinion, even under the doctrine, the facts did not warrant submission on that theory. The court appreciated the situation and tried to remedy the error in the manner indicated. The instruction given in the original charge was not withdrawn or modified. The first three verdicts were therefore returned under the law as given to the jury in the first charge.

Defendant's counsel made no objection to the erroneous instruction. In fact it was the instruction he desired. He submitted a request to the court to have the instruction given. Neither did counsel for plaintiff make any objection. We then have a situation where an erroneous rule of law was given to the jury without objection by either side, in fact with the approval of both.

The case is here on an appeal from a judgment. The error in the charge was not challenged in a motion for a new trial. In fact, neither party was in a position on such a motion, if made, to quarrel with the instruction, nor did he have any desire to do so. Defendant got the instruction he asked for. Plaintiff eventually was the successful litigant and therefore satisfied with the result. The erroneous instruction is the law of the case.

We have many times stated the rule to be:

"* * * An instruction unobjected to becomes the law of the case, however erroneous it may be; * * * and whether the charge is right or wrong it must, for the purposes of an appeal, be taken as the law of the case." 1 Dunnell, Dig. § 404; Farnham v. Pepper, 193 Minn. 222, 258 N. W. 293; Kane v. Locke, 218 Minn. 486, 16 N. W. (2d) 545; Christenson v. Village of Hibbing, 219 Minn. 141, 16 N. W. (2d) 881.

In our opinion there must be a reversal.

Judgment reversed with direction to enter judgment on original verdict for defendant.