EMMA BELLE STUART, appellant, v. MARGARET PILGRIM, appellee.

No. 48815.

(Reported in 74 N.W.2d 212)

JANUARY 10, 1956.

REHEARING DENIED MARCH 9, 1956.

Filseth & Schroeder, of Davenport, and Leo J. Tapscott, of Des Moines, for appellant.

McDonald & McCracken, of Davenport, for appellee.

THOMPSON, J.—On August 16, 1952, a collision occurred on a public highway in Scott County between automobiles owned by the plaintiff and defendant respectively. Plaintiff's car was driven by her husband, with her consent. She was riding in the automobile as a passenger. Defendant was driving her own car. Both automobiles were traveling in the same direction. As plaintiff's car approached a private driveway leading from the left side of the highway to the plant of the Bendix Aircraft Corporation, the driver prepared to make a left turn for the purpose of entering this drive. The defendant, coming from the rear, had just passed two other cars and was about to pass plaintiff's when she observed that plaintiff's automobile was about to turn. She endeavored to swing to the right, but a collision occurred with resultant damage to both cars and personal injuries to the plaintiff. Whether plaintiff's car had swung to the left so as to be

upon or partly upon its left side of the highway was in dispute in the evidence, and for the purpose of our discussion here is not important.

I. Both parties in argument concede that the important question in the case concerns the trial court's instructions upon the question of imputed contributory negligence of plaintiff's husband, the driver of her car, to the plaintiff herself. The plaintiff assigns error upon the court's instructions upon this point, and in view of the argument of the parties and the fact that we find no merit in plaintiff's other assignments we think it the only one necessary to discuss.

The trial court, in its Instruction No. 6, after pointing out that it was conceded that the car was driven by John T. Stuart, plaintiff's husband, with her consent, told the jury: "Consequently, if you find that John T. Stuart was negligent in any of the respects charged by the defendant as set forth in the statement of the issues herein, such negligence would be imputed to and would likewise be the negligence of the plaintiff, Emma Belle Stuart."

In Instruction No. 7, which enumerated the matters which the plaintiff must establish by a preponderance of the evidence in order to recover, the court said: "3. That the plaintiff was free from any negligence which in any manner or degree contributed directly to plaintiff's injuries and damage; *and in this regard you will keep in mind that the contributory negligence, if any, of John T. Stuart would be imputed to and would therefore be the contributory negligence of Emma Belle Stuart.*" (Italics supplied.)

While it is plaintiff's apparent thought that Instruction No. 6 referred to contributory negligence, it may well be that the court was therein referring to the direct actionable negligence of the driver of plaintiff's car pleaded in defendant's counterclaim. In this view of the instruction, it was correct. Section 321.493 of the 1954 Code of Iowa, which has been incorporated in our statutory law in substantially its present form since 1919 (see chapter 275, section 12, Acts of the Thirty-eighth General Assembly) is herewith set out:

"In all cases where damage is done by any car by reason of

negligence of the driver, and driven with the consent of the owner, the owner of the car shall be liable for such damage."

It is evident, therefore, that as to the damages claimed by defendant in her counterclaim, this instruction laid down the correct rule of law. But by Instruction No. 7 the court in unequivocal terms made the contributory negligence of the driver of plaintiff's automobile the contributory negligence of the plaintiff herself. It told the jury plainly that the contributory negligence of the driver was imputed to the plaintiff as a matter of law; and since the jury was likewise told in other instructions that plaintiff must show her freedom from such negligence, it barred her recovery if the driver of her car was guilty of any negligence contributing to her injuries and damage. The correctness of this instruction is the controlling question in the case.

II. It must be conceded that in giving the challenged part of Instruction No. 7 the able trial court was but following the law as determined by this court in prior decisions. In Secured Finance Co. v. Chicago, Rock Island & Pacific Railway Co., 207 Iowa 1105, 224 N.W. 88, 61 A. L. R. 855, we discussed and analyzed the question, and held unmistakably that under section 321.493, supra (then section 5026, Code of 1927), the contributory negligence of the driver of an automobile operated with the owner's consent was imputed to the owner as a matter of law in the owner's action for damages against a third party. It is true in that case the owner's action involved only damage to his car; but the reasoning applies as well to an action by the owner for personal injuries. The case cannot be fairly distinguished from the one at bar; it must be followed or overruled. Nor can we say, as did a New York court, that the owner is guilty of imputed negligence for the reason that she was riding in the car with the consent driver when the accident occurred. Gochee v. Wagner, 232 App. Div. 401, 403, 250 N. Y. S. 102, 105. The general rule is to the contrary.

"The mere presence of the owner in an automobile while it is being driven in a negligent manner by another does not necessarily make him liable for an injury caused thereby if he would not otherwise have been liable." 5 Am. Jur., Automobiles, section 354.

"The owner's presence in his car at the time an injury occurs while it is being operated by another will not of itself preclude his right to recover for injury or damage." 5 Am. Jur., Automobiles, section 496.

See also Virginia Railway & Power Co. v. Gorsuch, 120 Va. 655, 91 S.E. 632, Ann. Cas. 1918B· 838, and Christensen v. Hennepin Transportation Co., 215 Minn. 394, 10 N.W.2d 406, 412, 413, 147 A. L. R. 945. In fact, it is not argued by the defendant-appellee here that the owner's presence in the car constituted a legal reason for imputing the driver's negligence to her, in the absence of any facts showing she exercised any control over the manner of driving, or that there was a showing of any factual relation between her and her driver husband of principal and agent, master and servant, employer and employee, partnership or joint venture. The record is devoid of any showing of the existence of such facts. Instruction No. 7 must be supported if it is to be supported at all solely upon the theory, adopted in the Secured Finance Company case, supra, that because our statute makes the owner liable for damages caused by the negligent operation of the car by one whom he has permitted to operate it, the negligence of such driver must likewise be imputed to the owner in the latter's action against an alleged negligent third party who injures the owner or his automobile.

This brings us to the difficult point in the case. We now believe the rule adopted in the Secured Finance Company case to be demonstrably unsound. But it was followed since its promulgation by this court in 1929. It has been followed, without analysis or comment, in at least two cases.

In Rogers v. Jefferson, 224 Iowa 324, 326, 275 N.W. 874, 876, we said: "However, it is pointed out by appellant * * * that Mr. Rogers owned the car, and the son was driving it with his consent, and hence the negligence of the son was imputed to the father, and in this the appellant is correct."

In re Estate of Green, 224 Iowa 1268, 1273, 278 N.W. 285, 288, also followed the rule without discussion in this language: "Any contributory negligence on the part of Waldo Denny [the driver] is imputable to the plaintiff [the owner]."

The problem before us now is whether more harm will be done by overruling our previous cases in order to install

what we think is clearly the correct principle, or by adhering to an unsound decision in the interest of the rule of stare decisis. It is of the greatest importance that the law should be settled. Fairness to the trial courts, to the legal profession, and above all to citizens generally demands that interpretations once made should be overturned only for the most cogent reasons. The law should be progressive; it should advance with changing conditions. But this does not mean that its forward progress should be over the dead bodies of slain and discarded precedents. Legal authority must be respected; not because it is venerable with age, but because it is important that courts, and lawyers and their clients may know what the law is and order their affairs accordingly.

We have concluded here, however, that more mischief will be done by adhering to the precedent established in the Secured Finance Company case than by overruling it. It proceeds upon a wrong principle, built upon a false premise, and arrives at an erroneous conclusion. It is of course incumbent upon us to make clear our reasons for so determining.

This court in reaching its decision in the Secured Finance Company case seems to have based it upon two lines of reasoning and authority: First, that our "owner's responsibility" statute (section 321.493, supra) created the relation of principal and agent between the owner and the driver, for all purposes relating to the operation of the car; and second, the "two-way" doctrine, that since the statute makes the owner liable for the actionable negligence of the consent driver, it must follow that the latter's contributory negligence is to be imputed to him. The first reason misconceives the intent and language of the statute; the second is an obvious non sequitur. The opinion also cites and apparently gives weight to a New York case, Psota v. Long Island Railway Co., 246 N. Y. 388, 159 N.E. 180, 62 A. L. R. 1163. But whatever the real holding in this last cited case may have been, the highest New York authority has now determined that under its owner's liability statute, which is much like our own, the driver's contributory negligence is not imputed to the owner merely because of such statute in an action by the latter against a negligent third party. Mills v. Gabriel, 259

App. Div. 60, 61, 62, 18 N.Y.S.2d 78, 80, 81, affirmed in 284 N. Y. 755, 31 N.E.2d 512; and Buckin v. Long Island Railway Co., 286 N. Y. 146, 36 N.E.2d 88, 89. The New York rule, relied upon to some extent by this court in the Secured Finance Company case, supra, has now been held to be exactly contra to our decision.

At the time of the enactment of chapter 275, Acts of the 38th G. A., supra, the rule was firmly established in Iowa that the owner of a motor vehicle who permitted another to drive it when no relation of principal and agent, master and servant, partnership or joint venture existed, was ordinarily a mere bailor and being such was not liable for the negligence of his bailee in the operation of the car. Neubrand v. Kraft, 169 Iowa 444, 446, 447, 151 N.W. 455, 456, L. R. A. 1915D 691. The statute in question was undoubtedly made into law to remedy this situation, to make the owner of an automobile responsible for the negligence of one to whom he entrusted its operation. But there is no indication that the legislature intended to free a negligent third party who was involved in an accident with the car so driven by consent of its owner from such negligence, even though the consent driver of the first car was also negligent. The language of the statute clearly goes no farther than to place liability for actionable negligence of the driver upon the owner. The question before us is one of statutory construction. The statute says this, and this only: that when damage is done by any car by reason of the negligence of a consent driver, "the owner of the car shall be liable for such damage." It applies only when damage has been done by the car, and only to such damage. We have by our decision in the Secured Finance and other cases cited above read into the Act something which is not there; that in addition to being liable for damage caused by the negligent driver of his car, the owner is also bound by the contributory negligence of such driver if he attempts to recover for injuries to his car or to his person through the negligence of a third party. The statute does not so say, and we are bound by its terms as well as by the rule of reason.

The court in holding as it did in the Secured Finance Company case followed an earlier case, Maine v. James Maine & Sons

Co., 198 Iowa 1278, 1282, 201 N.W. 20, 22, 37 A. L. R. 161, in which it was said that the statute "In effect * * * makes the one who uses an automobile with the consent of the owner, the agent of the latter." This unsound doctrine was perhaps chiefly responsible for what we now consider to be the error into which this court fell in the Secured Finance Company case. The statute does not create a relationship of principal and agent; the owner is not liable because of an agency relation, but because the statute says so. It is but to borrow trouble to seek to read into the language of section 321.493, supra, some legislative intent to create a relationship which is not there. We departed from the principal-and-agent theory in Page v. Koss Construction Co., 219 Iowa 1017, 1027, 257 N.W. 426, 431.

In Lind v. Eddy, 232 Iowa 1328, 1336, 6 N.W.2d 427, 431, 146 A. L. R. 695, we said: "If the legislature, in enacting the statute, intended to create an agency relation, the borrower or user is an agent only in the restricted sense, to the limited extent that the owner is liable for the damage done by his car through the negligence of the driver."

We approved the holdings in the last two cited cases in Krausnick v. Haegg Roofing Co., 236 Iowa 985, 989, 20 N.W.2d 432, 434, 163 A. L. R. 1413.

It is evident that the principal-and-agent theory is unsound, and if followed finds in the statute something which is not there and leads to undesirable results. It is neither necessary nor wise to go beyond the language of the statute itself to determine its meaning, when its wording is clear.

We turn then to a consideration of the so-called "two-way" rule; the contention that if the owner is liable for damages for the direct and actionable negligence of his consent driver, he must also be bound by such driver's contributory negligence if he, the owner, suffers damage. It is a theory that upon first consideration appears plausible, but upon analysis is readily found to be without support either in the statute itself or in reason. We have said there is no language in the statute which supports such a conclusion, and that the purpose of the enactment was to provide a means of compensation for third parties injured through the negligence of the driver whom the owner

has entrusted with the operation of his car. But there is no indication the legislature meant to relieve a negligent third party from the result of damage he may have caused the car owner, even though the latter's driver was guilty also of some contributing negligence. It is said if we do not hold to the rule of imputed contributory negligence as heretofore announced by this court, we may have a situation where two owners of automobiles, driven at the time by consent drivers, may each recover his damages from the other. Such was the common-law rule. The possibility of such an outcome was recognized and accepted in Mills v. Gabriel, supra, 259 App. Div. 60, 18 N.Y.S.2d 78, 81; in Jacobsen v. Dailey, 228 Minn. 201, 209, 210, 36 N.W.2d 711, 716, 11 A. L. R.2d 1429, and 17 Cornell L. Q., page 165, from which we quote:

"Not only would it *not* be illogical to allow the bailors to recover from each other's bailee, which would be the situation at common law anyway, but the policy of the statute would thus be well illustrated in giving the bailors a recovery against each other."

█ Our statute, section 321.493, supra, by its terms operates only when the consent driven car does some damage. So if it collided with another vehicle without injuring the latter or its occupants, or if the driver of another vehicle in some negligent manner occasioned damage to the consent driven automobile without a direct collision between the two cars, our owner's responsibility statute would have no application. It is only *"where damage is done* by any car by reason of negligence of the driver" that it comes into play. (Italics supplied.) Under the circumstances suggested above, where no damage was done to another vehicle or person, the owner of the consent driven car might well seek to recover for his own damages in an appropriate action. By what logic, then, can it be said he would be faced with an imputation of the contributory negligence of the driver of his car, if such there was? Such an interpretation is clearly not within the language of the statute, and should not be read into it by a forced and unnatural construction. We think the legislature intended to protect third parties from the

negligence of the bailee-driver of another's car; we find nothing to indicate it also intended to relieve such third parties from the consequences of their own negligence. To so hold is an unwarranted extension of the often harsh doctrine of contributory negligence; we cannot so construe the statute.

III. Authority upon the point at issue is not overwhelming, but the question has been considered. We are told by the appellee that California, the District of Columbia, Louisiana and some courts of New York follow the same rule we announced in Secured Finance Co. v. Chicago, R. I. & P. Ry. Co., supra. We have already pointed out that the New York court of last resort has now, in two cases, settled the law in that state by holding the contributory negligence of the driver is not imputed to the owner because of their owner's responsibility statute. In California the holding obviously turns upon the peculiar wording of the statute. Prior to 1937 the California statute was in effect similar to ours. But in that year the legislature amended it by adding these words: "and the negligence of such person [the driver] shall be imputed to the owner *for all purposes of civil damages.*" (Italics supplied.) The California Supreme Court, in Milgate v. Wraith, 19 Cal.2d 297, 299, 300, 121 P.2d 10, 11, 12, stressed the amendment, particularly the words " 'for all purposes of civil damages.' " Whatever may have been the meaning of the statute before this amendment, said the California court, it was the evident intent of the legislature to make the negligence of the driver that of the owner both as to direct and contributory negligence; otherwise the amendment would have no purpose. We agree; but the holding is not in point here; we have no such provision.

In Di Leo v. Du Montier, La. App., 195 So. 74, 76, it was held that, since a provision of the Civil Code made the father responsible for the negligent acts of his minor son, he could not recover from a third party who was also negligent. The point is stated without discussion. The case of National Trucking & Storage Co. v. Driscoll, Mun. Ct., App. D. C., 64 A.2d 304, 305, turned upon the language of the responsibility statute there. It provided that a driver operating a motor vehicle with the consent of the owner should, in case of accident, " 'be deemed

the agent of the owner.' " The court said it could find no indication the Congress meant the driver should be the owner's agent when the owner was being sued but not when the owner was suing. There is of course no such provision in the Iowa statute, except as it was read into it, erroneously as we now think, in Maine v. James Maine & Sons Co. and Secured Finance Co. v. Chicago, R. I. & P. Ry. Co., both supra.

On the other hand, the Supreme Court of Minnesota, in an exhaustive and well-reasoned opinion, has held the contributory negligence of the driver is not imputed to the owner because of the owner's responsibility statute when the owner brings his action for damages. The Minnesota statute is much stronger than ours in supporting such an imputation, since it has the express provision that the driver is the agent of the owner, the wording being this: "* * * the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof." Yet in Christensen v. Hennepin Transportation Co., supra, 215 Minn. 394, 10 N.W.2d 406, 412 to 419 inclusive, 147 A. L. R. 945, after a thorough examination of the authorities and supporting reasoning, it was concluded that the agency set up by the statute meant only that the owner was responsible for the driver's negligence in an action by a third party who was injured, and did not apply to the contributory negligence of the driver in the owner's action against the third party to recover for his own losses. The Iowa case of Secured Finance Co. v. Chicago, R. I. & P. Ry. Co., supra, was analyzed and thought to be unsound in its reasoning and holding. See also Jacobsen v. Dailey, supra, 228 Minn. 201, 36 N.W.2d 711, 11 A. L. R.2d 1429.

The question is discussed by Gregory, in his "Legislative Loss Distribution in Negligence Action", page 150, and the conclusion reached that the view the contributory negligence of the driver is not imputable to the owner is preferable and most in line with the real purpose of the owner's responsibility statutes. To the same effect is 17 Cornell L.Q. 158, 169, supra.

Consideration is given to the question in 28 Iowa Law Review 132, and the soundness of the Secured Finance Company case is doubted. It is there said: "A fair analysis of the purposes

of this statute might well have led to a contrary result. * * * There would seem to be no need or public interest served by extending the theory of responsibility of the owner for the driver's negligence beyond that specifically provided in the statute. The negligent third party deserves no immunity from damages as against a non-negligent bailor." To which we add as an even more cogent reason that there is no indication in the statute itself that the legislature intended to give him any such immunity.

The case of Maine v. James Maine & Sons Co., supra, 198 Iowa 1278, 1282, 201 N.W. 20, 22, 37 A. L. R. 161, is overruled so far as it determines the relation of the owner and his consent driver, under section 321.493, supra, is that of principal and agent for any purposes except the liability of the owner for the driver's actionable negligence. Secured Finance Co. v. Chicago, Rock Island & Pacific Railway Co., 207 Iowa 1105, 224 N.W. 88, 61 A. L. R. 855; Rogers v. Jefferson, 224 Iowa 324, 275 N.W. 874; In re Estate of Green, 224 Iowa 1268, 278 N.W. 285, all supra, and any other Iowa cases to the same effect are overruled insofar as they hold the contributory negligence of the consent driver of a motor vehicle is imputed to the owner as a matter of law because of section 321.493.

IV. Other errors assigned and argued by the appellant are without merit. The matter discussed in the preceding divisions requires that the case be remanded for another trial.—Reversed and remanded.

All JUSTICES concur.