Donald E. PEARSON, Plaintiff and Appellant,

v.

Paul ERB and Omar Erb, Defendants and Cross-Appellants.

No. 7670.

Supreme Court of North Dakota.

April 10, 1957.

Rehearing Denied May 16, 1957.

**820**

Burnett, Bergesen, Whittlesey, Shermoen & Pancratz, Fargo, for plaintiff and appellant.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for defendants and cross-appellants.

MORRIS, Judge.

This is an action by the plaintiff to recover for damage to his automobile and personal injuries sustained by him in a collision of an automobile owned by the plaintiff in which he was riding and driven by his wife with one owned by the defendant Omar Erb and driven with his permission by the defendant Paul Erb on a public highway in the State of Minnesota on November 26, 1953. Omar Erb, who was not an occupant of his automobile, counterclaimed for damages to his car and for medical expense incurred for attention to injuries sustained by his minor daughter Dorothy Erb who was a passenger in his automobile. The jury rendered a verdict in favor of the plaintiff and against both defendants in the sum of $5,588.27 and in

favor of the defendant Omar Erb against the plaintiff in the sum of $363.05.

The defendants having moved for a directed verdict at the close of the evidence made a motion in the alternative for a judgment notwithstanding the verdict of the jury or for a new trial. The trial court denied the motion for judgment notwithstanding the verdict and granted the motion for a new trial upon the ground of certain specified errors of law occurring at the trial. The plaintiff has appealed from that part of the trial court's order granting the new trial. The defendants have appealed from that part of the order denying their motion for judgment notwithstanding the verdict.

The following facts appear from the testimony of the plaintiff and his wife: They are residents of Fargo, North Dakota. At about 8:30 a.m. on Thanksgiving Day, November 26, 1953, the plaintiff, his wife, and three small children left Fargo in the plaintiff's automobile. The purpose of the trip was one of pleasure. Their destination was the home of the plaintiff's parents about five miles north of Park Rapids, Minnesota, where they expected to have Thanksgiving dinner. The plaintiff used his car in his business as a salesman and also as a family car. The plaintiff's wife also owned an automobile which she used to drive around town. They took the plaintiff's car as they usually did in making long trips because it was in better mechanical condition than the car belonging to the wife. The wife got into the driver's seat at home without any request by or agreement with her husband as to who should drive He sat beside her and held the youngest child who was about a year old. She drove without stopping to a point about nine miles northeast of Detroit Lakes, Minnesota, on Highway Number 34 where the accident happened. It occurred at about ten o'clock a.m. The visibility was clear and the highway, a blacktop or tarvia surface, was dry. It was about twenty or twenty-five feet wide. The general terrain in the vicinity of the accident

was hilly. The plaintiff's car overtook another car driven by Paul Erb near the bottom of a small hill. Plaintiff's wife was driving about 55 or 60 miles an hour. The Erb car was traveling about 45 miles per hour. As she approached the Erb car she slowed down to about 45 miles per hour also and followed the Erb car up the hill. She states:

"I was following him, probably four or five car lengths back. And I reduced my speed to his to follow him up the hill. Then as we neared the top of the hill I noticed that his speed reduced sharply and he applied his brakes and I in turn applied mine as rapidly as possible. I saw that I could not stop in time to avoid hitting him. So I tried to swerve out to my left, to see if I could go around him. There was cars coming from that direction and I had to swing in again."

As she swung in the collision took place. The right front corner of her car struck the left rear corner of the Erb car. She saw no other signal from the Erb car other than the brake lights go on. She was about three car lengths from that car when the lights appeared. The Erb car slowed down preparatory to making a left turn into a church driveway at the top of the hill. The driver of the Erb car gave no signal of intention to turn. His car was still in the right traffic lane when it was struck but had moved to the left near the center line, probably one or two feet from it. The plaintiff's car was moving about twenty miles and defendants' car about five miles an hour at the time of impact. Plaintiff's wife drove his car frequently. When asked how she happened to be driving at the time of the accident, she said: "Well, both my husband and I like to drive, and I just happened to be driving, I guess." The plaintiff and his wife had driven to his parents' home eight or nine times a year for the past six or seven years. They had shared the driving. It appears to have been customary for one of them to

drive one way and the other to drive on the return trip. She stated:

"on previous trips I guess I had probably driven down there more often than I had driven back. * * * It was not an arrangement. I had driven back from there too many times."

The plaintiff gave his wife no instructions with respect to her manner of driving. In cross-examination on the question of his right to control the operation of the car, the following appears:

"And it is your car. Don't you feel as the owner of the car you have got some right over its control?

"A. Not any more than my wife has.

"Q. This is your automobile. It is used in your business. Whoever is driving the automobile, whether it is your wife or anybody else, you do feel that you have got the right over the control of that car, don't you?

"A. I suppose I have."

The defendant Omar Erb lives with his family on a farm near Amenia, North Dakota. On the morning of the accident the defendant Paul Erb, who was twenty years of age, and his three teen age sisters took their father's car with his consent to go to the church that has been mentioned as being near the scene of the accident. On the way they stopped at Casselton, North Dakota, and picked up a fourth girl who accompanied them on the trip. Paul readily admits that he failed to signal as he was about to make a left turn into the church driveway at the time of the collision.

■ The accident having happened in the State of Minnesota, the liabilities of the parties must be determined according to laws of that state. Cyclopedia of Automobile Law and Practice, Blashfield, Volume 9, Section 5791.

"The question whether conduct which caused damage was negligent, so as to

make the one guilty of it liable for a wrong, is determined by the law of the place where the act or omission claimed to be the cause of the damage took place." The Conflict of Laws, Beale, Volume 2, Section 379.1.

"Whether contributory negligence of the plaintiff is a defence, in whole or in part, to an action for a negligent injury depends upon the law of the place of the injury." The Conflict of Laws, Beale, Volume 2, Section 385.1.

And in the following section it is said:

"And the question whether the negligence of a driver will be imputed to his passenger is likewise governed by the law of the place of wrong."

Subdivision 5 of Section 169.19, M.S.A., as amended by Laws 1947, Chapter 428, Section 16, provides:

"A signal of intention to turn right or left shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning."

Minnesota has a statute known as the Safety Responsibility Act, Chapter 170, M.S.A., which has replaced the family purpose doctrine. That doctrine is no longer in operation in that state. Ellingboe v. Guerin, 228 Minn. 211, 36 N.W.2d 598; Jacobsen v. Dailey, 228 Minn. 201, 36 N.W.2d 711, 712, 11 A.L.R.2d 1429.

M.S.A. § 170.54 provides that whenever any motor vehicle shall be operated upon any public street or highway by any person other than the owner with the consent of the owner, express or implied, the operator shall in case of accident be deemed the agent of the owner in the operation of the motor vehicle. In Jacobsen v. Dailey, supra, that statute was construed and held

"to mean that the driver causing an accident shall be deemed the owner's agent for purposes only of holding the owner liable to persons injured by the driver's negligence, and that the bailee's negligence is not imputable to the bailor in an action by the latter against a third party, following and applying Christensen v. Hennepin Transp. Co. Inc., 215 Minn. 394, 10 N.W.2d 406, 147 A.L.R. 945."

Jacobsen v. Dailey involved a collision between two automobiles each driven by the owner's son for his own purposes. It was held that the owner was responsible for each driver's negligence under the Safety Responsibility Act; that the statute does not constitute the bailee the owner's agent except for the purpose of creating the limited liability for which it provides; and that the contributory negligence of the drivers was not imputable to the owners. It was further held proper for the trial court to instruct that:

" 'if both drivers were negligent, and the negligence of each was a proximate cause of the resulting collision and damage, then each father will recover his damages from the other.' "

In the case before us the trial court instructed the jury in accordance with the Minnesota statute as construed in the above decision with the result that a verdict was returned against both the driver and the owner of the Erb car for plaintiff's personal injuries and damages to his car and in favor of the owner of the Erb car against the plaintiff for damages to that car. In order to reach that verdict the jury must have determined: 1. That both drivers were negligent. 2. That the relationship of bailor and bailee existed between the owner and the driver of the Erb car. 3. That the relationship of bailor and bailee existed between the plaintiff, as owner, and his wife, the driver of the plaintiff's car, and that the wife's negligence was, therefore, not imputable to the plaintiff. Under the instructions given it is also apparent that the jury found that the plaintiff was not negligent.

■ In support of their contention that the motion for judgment notwithstanding the verdict should be granted, the defend-

ants argue that the evidence shows as a matter of law that the plaintiff, riding beside his wife and observing her conduct in driving up the hill in close proximity to the defendants' car, was negligent in not controlling or attempting to control her conduct and thereby acquiesced and became a party to her negligence not by imputation but by his own conduct. This contention cannot be sustained. We have examined the evidence carefully on this point and it is clear to us that the question of the plaintiff's negligence was for the jury and it cannot be said that he was negligent as a matter of law.

The trial court instructed the jury that if they found both drivers guilty of negligence which proximately contributed to cause the collision and that the plaintiff's wife was acting as his agent or servant in the operation of his automobile then her contributory negligence is imputable to him and bars his recovery. He also instructed the jury that if they found that the plaintiff retained any right of control over the operation of the automobile and if they further found that his wife was negligent in its operation and that such negligence constituted a proximate cause of the accident, the jury must find for the defendants as to the plaintiff's claim for damages. The defendants contend that under the evidence in this case it is established as a matter of law that the plaintiff's wife was acting as his agent and the jury having found that she was guilty of contributory negligence, that negligence is imputable to her husband as her principal and bars his right to recover. The determination of the question thus presented is not without difficulty. It has been before various courts on similar or comparable facts with varying results.

Where a person drives an automobile with the permission of the owner, the driver may be a bailee or he may be a servant or agent of the owner depending on who has the right of control. In Frankle v. Twedt, 234 Minn. 42, 47 N.W.2d 482, 487, it is said:

"A bailment entails such a complete surrender of control by the owner that he may thereafter become a mere guest in his own automobile. Christensen v. Hennepin Transp. Co. Inc., 215 Minn. 394, 10 N.W.2d 406 [147 A.L.R. 945]. The *right* of control, and not necessarily the exercise of that right, is the test of the relation of master and servant. Cornish v. Kreuer, 179 Minn. 60, 228 N.W. 445."

That the right of control rather than the exercise of the right is the determining factor in establishing the existence of the relation of principal and agent or master and servant in such cases appears to be the general rule. Mendolia v. White, 313 Mass. 318, 47 N.E.2d 294; Guy v. Union Street Railway Co., 289 Mass. 225, 193 N.E. 740; Parks v. Pere Marquette Railway Co., 315 Mich. 38, 23 N.W.2d 196; James v. Ellis, 44 Wash.2d 599, 269 P.2d 573; Hammonds v. Haven, Mo., 280 S.W.2d 814; Tschida v. Dorle, 235 Minn. 461, 51 N.W.2d 561.

In Gochee v. Wagner, 257 N.Y. 344, 178 N.E. 553, 554, the wife who was driving her husband's automobile with his permission had driven to the city to get her mother and on the way home stopped and picked up her husband who was at his father's house. He sat on the rear seat. On the way home, and while the wife was driving, an accident occurred in which the husband was injured. In denying his right to recover, the court said:

"If the respondent and his wife had left home together in the car, and an accident had happened through her negligence while driving, no one could seriously contend that he could recover for personal injuries or for damage to the car from the owner or driver of another car whose negligence had contributed to the accident.

"We have reached the conclusion that the same rule applies under the facts in this case. When the respondent entered the car, he regained dominion over

it and the rule applicable under the statute in the absence of the owner ceased to apply. It was respondent's car, he was present and had the legal right to control its operation, and the negligent conduct of the driver was imputable to him. The mere fact that he chose to sit on the rear seat and refrained from directing its operation did not change his rights or limit his liability."

This decision represents the majority view taken by courts dealing with similar situations. Angel v. McClean, 173 Tenn. 191, 116 S.W.2d 1005; Wilcott v. Ley, 205 Wis. 155, 236 N.W. 593; Guy v. Union Street Railway Co., 289 Mass. 225, 193 N.E. 740; Challinor v. Axton, 246 Ky. 76, 54 S.W.2d 600; Lucey v. Allen, 44 R.I. 379, 117 A. 539; Kelly v. Hanwick, 228 Ala. 336, 153 So. 269.

In Mendolia v. White, 313 Mass. 318, 47 N.E.2d 294, 296, it is said:

"Control is an incident of ownership, and continues in the owner-occupant of an automobile that is being driven along the public way in the absence of any evidence tending to show that it has been transferred by the owner to the operator. Where it merely appears that a third party is operating the automobile in the presence and with the knowledge and consent of the owner and the owner is injured by a collision of his automobile with the automobile of the defendant, then the burden is upon the owner to show that he did not stand in such a relation to the operator that the negligence of the latter should be imputed to him, or that, if he stood in such a relation, the operator of his automobile was free from contributory negligence."

The Supreme Court of Nebraska in Bartek v. Glasers Provisions Co. Inc., 160 Neb. 794, 71 N.W.2d 466, 474, appears to have taken a different view, with the chief justice dissenting. In that case it appears that the car in which the plaintiff-owner was riding was driven by her husband at the plaintiff's request. They were on their way to the home of plaintiff's sister when the accident occurred. The plaintiff did not operate her car. Her husband operated it for her when she went some place. In the majority opinion it is said:

"We think this presents the ordinary family picture when it is decided to visit either some of the wife's or husband's relatives. In such case either the husband or wife usually makes all the arrangements, depending on whose relatives are to be visited. We certainly can see no agency in this arrangement within the meaning of the principle hereinbefore set forth nor were the parties engaged in a joint enterprise, within the meaning of our decisions, that would justify imputing the husband's negligence, if any, to the appellee. See Remmenga v. Selk, supra. [150 Neb. 401, 34 N.W.2d 757.]

"We find no error in the trial court's refusal to submit the issue of contributory negligence to the jury on the theory that the negligence of the husband, if any, could be imputed to appellee."

In Christensen v. Hennepin Transportation Co. Inc., 215 Minn. 394, 10 N.W.2d 406, 412, 147 A.L.R. 945, it appears that the wife was injured while riding in an automobile of which the husband and wife were co-owners. The court points out that the owner of an automobile may be the operator's guest and in such a situation the operator's contributory negligence is not imputable to the owner unless the operator is the owner's servant or agent or they are engaged in a joint enterprise. The husband was in the potato business. After dinner he decided to go to look after the fire to protect his potatoes from freezing. He asked her to go along. After she got in the car he suggested that they go over to her mother's. It was on the way to her mother's that the collision took place in which the plaintiff was injured. The opin-

ion discloses no other evidence with reference to the control of the automobile. The court states:

"In the instant case, plaintiff and her husband apparently were co-owners of the automobile in question. They were regarded as such throughout the case. The husband apparently was in possession of the car and exercising dominion over it, for he invited his wife to ride with him the same as one in possession might invite a person bearing him no relationship. At least, the inference was permissible that he was in possession and had control at the time."

The jury had found in favor of the plaintiff. The court further said:

"Where a spouse is present in his car while the other spouse is operating it, the actual relationship of the parties with respect to possession and right of control should be determined as a fact."

The court severely criticized the opinion in Gochee v. Wagner, from which we have quoted above, and said:

"The decision should not be followed, because it ignores the *actual* relationship of the parties at the time of collision, by which the rights of the parties should be determined, and thus applies an arbitrary rule without regard to those which otherwise should control, and because it is opposed to the weight of authority."

The Minnesota court seems to place reliance upon Rodgers v. Saxton, 305 Pa. 479, 158 A. 166, 168, 80 A.L.R. 280, from which it quotes the following:

"Nor is the husband driver necessarily the agent or servant of his wife passenger, even in those cases where the wife herself has purchased the car with her own funds and has registered her ownership. The husband is still the head of the family, and when he is at the wheel of that car, even with his wife present, the presumption is that he is in control of the car, and, in the absence of evidence to the contrary, he is solely responsible for its operation. Ownership of a car does not necessarily mean control of that car, any more than ownership of any other property necessarily means control of it. An owner who leases or bails his property to another may even be a trespasser on his own property."

This quotation gave us some concern until we read the illuminating opinion of the Pennsylvania Supreme Court in Beam v. Pittsburgh Railways Co., 366 Pa. 360, 77 A.2d 634, 639, wherein previous Pennsylvania cases dealing with the imputation of negligence of the driver of an automobile to the owner who is an occupant of the automobile at the time of the accident are carefully reviewed. Following the review the court says:

"Analyzing, then, all these authorities, there are clearly deducible therefrom the following principles: (1) The mere presence of the owner in an automobile while it is being driven in a negligent manner by another does not *necessarily* make him liable for an injury caused thereby, or impute to him the driver's negligence. It may be, for example, that the owner of the car is a woman whose husband is driving; in such case the husband is still regarded as the head of the family, and when he is at the wheel of the car, even with his wife present, the presumption is that *he* is in control. * * * Again, the owner may have loaned or hired out his car to another person by what amounts to a bailment, in which case the owner, even if riding in the car, may have relinquished his rights as owner; * * *. Or, again, the owner may, by word or action, have expressly or impliedly transferred his right of control to the driver; where there is *evidence* of any such words, actions or conduct on the part of the

owner, or any other circumstances bearing on the question as to whether he in fact surrendered his right of control, the question becomes, of course, a factual one for determination by the jury.

"(2) There is a *presumption, in the absence of any evidence to the contrary*, that an owner present in his car has power to control it. * * * Certainly, in the absence of any such contrary evidence, an owner allowing a friend to drive his automobile has the right to govern the manner of its operation, as well as, at any time, to terminate the permission given and to operate the car himself.

"(3) The test of the owner's liability is the *right* of control, not whether he exercises it or not. * * * Indeed, the owner's very failure to exercise his control would ordinarily amount to a tacit consent on his part to the manner in which the operation is being conducted and thereby establish his liability *a fortiori*. * * *

"(4) In the absence of evidence to the contrary, the legal relation between the owner seated in his car and the person whom he has permitted to drive it is that of principal and agent or master and servant and therefore he is not only liable for damages caused to a person by the driver's negligence but the driver's contributory negligence is imputable to him so as to bar his right of recovery, if he himself is injured, for damages caused by the negligence of a third person. In other words, if the negligence of the driver is imputable to him as a defendant it is also imputable to him as a plaintiff in the same situation. Rest.Torts, §§ 485, 486."

In Ross v. Burgan, 163 Ohio St. 211, 126 N.E.2d 592, an action was brought for injuries sustained by a wife when an automobile which she owned and in which she was riding but which was being driven by her husband was rammed from behind by another automobile. In the syllabus by the court it is stated that:

"1. Where the owner of a motor vehicle being driven by another is an occupant thereof, a rebuttable presumption or inference arises that the owner has control over it and that the driver is acting as his agent in operating the vehicle.

"2. In the absence of evidence to rebut such presumption, any negligence of the driver in operating the motor vehicle is imputable to the owner riding therein."

The rule thus stated we believe represents the view of the majority of courts that have dealt with this problem. The application of the rule is not affected by the fact that the owner and driver are husband and wife. Fox v. Lavender, 89 Utah 115, 56 P.2d 1049, 109 A.L.R. 105. We find nothing in the case of Christensen v. Hennepin Transportation Co. Inc., supra, that indicates that a different rule prevails in Minnesota.

We would also bear in mind that while the relationship of the owner and driver of plaintiff's car with respect to liability must be determined in accordance with the law of the state in which the accident occurred, the sufficiency of the evidence to establish the essential facts upon which the verdict is based must be determined by the law of the forum. Franklin v. Minneapolis, St. P. & S. S. M. Ry. Co., 179 Minn. 480, 229 N.W. 797; Rowe v. Pennsylvania Greyhound Lines, 2 Cir., 231 F.2d 922; Boland v. Love, 95 U.S.App.D.C. 337, 222 F.2d 27.

Hutzler v. McDonnell, 239 Wis. 568, 2 N.W.2d 207, 210, involved an action by a guest against her host for damages sustained in Minnesota when the host's automobile left the highway and went into the ditch. After determining that the lia-

bility of the defendant host was to be determined by the laws of Minnesota, the Wisconsin court went on to say:

"While the liability of the defendant is determined by the laws of Minnesota, the law of the forum governs the proof in court of the facts alleged. In other words, the sufficiency of the evidence to raise an issue for the jury is to be determined by the law of Wisconsin. Restatement, Conflict of Laws, sec. 595."

 When the trip started the plaintiff as owner had the right to control the use of his automobile. He assented in her assumption of the driver's position behind the wheel while he occupied the seat beside her. Under the rule that we have discussed this situation gave rise to the presumption that he had control over the automobile as its owner and his wife was acting as his agent in operating it. Their relationship as husband and wife is as consistent with agency as it is with bailment and cannot give rise to an inference that one existed in preference to the other. Neither can an inference with respect to control arise from the fact that they had previously made similar trips under the same circumstances. Their mission was as much or more for his benefit as for hers. Throughout the trip he committed no act or made no statement indicating that he relinquished control. Neither did she do or say anything inconsistent with his right of control. There is nothing in this record which could give rise to an inference that he became either a bailor or a guest in his own car. There is no evidence to rebut the presumption that as the owner and occupant of his car he had control over it and that his wife was acting as his agent in operating it. It is clear that the evidence is insufficient to support the verdict. The contributory negligence of the driver is imputed to the plaintiff as a matter of law and bars his recovery.

It follows that the court erred in denying defendants' motion for judgment not-

withstanding the verdict and in ordering a new trial. That order is reversed and the case is remanded with directions to enter an appropriate order conformable hereto.

GRIMSON, C. J., and SATHRE, JOHNSON and BURKE, JJ., concur.