WIGGINS, Justice
(dissenting).
I join Justice Hecht’s dissent and write separately to lament the majority’s departure from stare decisis. In December 2010, the court correctly decided State v. Wing, 791 N.W.2d 243 (Iowa 2010) for all the reasons set forth in Justice Hecht’s dissent. Nothing has changed since December 2010, except the members of the court. Stare, decisis should not depend on the members of the court at a given time.
“Adherence to the principle of stare de-cisis does not permit a court to overrule past decisions simply because a majority of the court as constituted at a given point in time believes that a past decision was wrongly decided.” Robert A. Sedler, The Michigan Supreme Court, Stare Decisis, and Overruling the Overrulings, 55 Wayne L. Rev. 1911, 1929 (2009) [hereinafter Se-dler]. In fact, “when a judge becomes a member of a court, the judge must accept prior decisions as controlling and must operate within the framework of the doctrine and precedent established by the court’s .prior decisions.” Id. at 1914.
In the words of the author of the majority’s opinion, “We are slow to depart from stare decisis and only do so under the most cogent circumstances.” Ackelson v. Manley Toy Direct, L.L.C., 832 N.W.2d 678, 688 (Iowa 2013). This case does not present those circumstances.
Previously, we recognized
[i]t is of the greatest importance that the law should be settled. Fairness to the trial courts, to the legal profession, and above all to citizens generally demands- that interpretations once made should be overturned only for the most cogent reasons...[T]his does not mean that [the law’s] forward progress should be over the dead bodies of slain and discarded precedents. Legal authority must be respected; not because it is venerable- with age, but because it is *870 important that courts, and lawyers and their clients, may know what the law is and order their affairs accordingly.
State v. Liddell, 672 N.W.2d 805, 813 (Iowa 2003) (alterations in original) (quoting Stuart v. Pilgrim, 247 Iowa 709, 714, 74 N.W.2d 212, 215-16 (1956)).
Another member of our court once wrote, “Stare decisis demands greater respect for our precedent.” State v. Ambrose, 861 N.W.2d 550, 563' (Iowa 2015) (Waterman, J., concurring specially). Those words are just as applicable today, However, what the majority does today is overrule a prior decision with which they disagree in order to advance their own view of the law. See Sedler, 55 Wayne L.,Rev. at 1912. I write to question the majority’s abandonment of stare decisis and call for the restoration of the principle of stare decisis in Iowa jurisprudence. See id.
Accordingly, I dissent and join Justice Hecht’s dissent.